McMahan *v.* McMahan.

---

No. 17,231.

### McMahan *v.* McMahan.

APPELLATE PROCEDURE. — *Assignment of Errors.* — *Estoppel.*— *Finding and Decree Entered as Asked for by Appellant.* — One who moves to substitute a new finding and decree in place of one already entered, and causes the same to be entered of record, which is done without objection or exception by any one, is precluded from assigning as error on appeal the overruling of a motion for a new trial and of a motion to modify the decree, both of which rulings were made before he procured the substituted finding and decree.

From the Hamilton Circuit Court.

*Shirts & Kilbourne*, for appellant.

*R. Graham* and *Christian & Christian*, for appellee.

McCABE, C. J.—The appellee sued the appellant for a divorce and alimony on the ground of cruel and inhuman treatment. The appellant filed a cross-complaint seeking to be divorced from appellee on account of her alleged misconduct, in failing to properly take care of his household and other failures. Upon the issues formed upon these two complaints, there was a trial by the court, resulting in a finding and judgment for the plaintiff awarding her a divorce and $2,000 alimony, over appellant's motion for a new trial.

The appellant then moved the court to modify the judgment so as to adjudge and decree no more than the sum of $1,000.00 for alimony, instead of $2,000.00, which motion the court overruled. These rulings are assigned for error here. Afterwards the appellant moved the court to substitute a new finding and decree for and in the place of the one already made and entered by the court, and wrote it out in full, embodying such proposed finding and decree in his written motion therefor, and the court sustained his motion and substituted the new finding and decree, and caused the same to be entered of record precisely as appellant asked that it should be done. There was no objection or exception by any one to this action of the court, as there could not be any available objection or exception by the appellant, who succeeded in inducing the court to do precisely what he asked it to do. That was practically to set aside its finding and judgment previously entered, against which all his objections and exceptions now urged had been leveled and directed, and make a new finding and render a new judgment, against which he never made any objection,

and took no exception.    The appellant is in no position to complain of the judgment entered on account of the facts found not being sufficient to warrant a divorce. Because, aside from the fact that the finding and judgment were both made and entered at his request, he made no motion for judgment in his favor on the facts found, or for a new trial.    The finding can only be regarded as a general one, and a motion for a new trial after the finding, is necessary to raise any question as to its correctness.    A party who expressly asks that a designated ruling, finding or judgment be made or rendered, cannot avail himself of that ruling or action of the court, although it may be material and may be exhibited by the record.    What a party expressly asks the court to do, when done, cannot be available as error, however erroneous such action may be without a violation of the plainest principles of the law.    Elliotts App. Proced., sections 626 to 630, and authorities there cited.

One cannot urge error in the proceedings leading to a judgment entered by consent.    *Weander* v. *Johnson*, (Neb.) 60 N. W. Rep. 353.

The motion for a new trial having been overruled before the new finding and decree were made and rendered, if the same were subject to review, raises no question as to the proceedings and rulings leading up to the finding and judgment.    Therefore there was no available error in overruling the motion.    And the same is true of the motion to modify the decree by reducing the amount of alimony from $2,000.00 to $1,000.00. That motion was made and overruled before the new finding was made, and before the new decree was rendered.

We find no available error in the record.

Judgment affirmed.

Filed April 24, 1895 ; petition for rehearing overruled September 24, 1895.