## CONDON *v.* JONES.

[No. 11,387.   Filed January 24, 1923.]

NEW TRIAL.—*Motion.*—*Time for Filing.*—*Statutes.*—Where the verdict was returned October 8, a supplemental motion for new trial filed on November 7, of the same year was within the time allowed by statute, in view of §1350 Burns 1914, §1280 R. S. 1881, providing that the time within which an act is to be done shall be computed by excluding the first day and including the last.

From Randolph Circuit Court; *Alonzo L. Bales,* Judge.

Action by Ray I. Condon against Richard H. Jones. From the judgment rendered, the plaintiff appeals. *Affirmed.*

*Macy & Goodrich,* for appellant.
*Walter G. Parry,* for appellee.

ENLOE, J.—This was an action by the appellant against the appellee upon a promissory note executed by appellee, payable to one Condon, and endorsed to appellant.

To a complaint in one paragraph the appellee answered, (1) payment; and (2) by an answer of set-off, wherein he alleged that the appellant was indebted to him for rentals upon a certain oil and gas lease in a sum named, which was greater than the amount claimed by the appellant as being due upon said note.

To the appellee's first paragraph of answer the appellant replied in denial; to the second paragraph of answer appellant replied (1) in denial; (2) payment; and (3) release, or clearance of said accrued rentals.

The issues thus formed were submitted to a jury for trial, and resulted in a verdict in favor of appellee upon his answer of set-off, in the sum of $144.54. There was

a motion for a new trial, upon the grounds that the verdict was not supported by sufficient evidence, was contrary to law, and error in the assessment of the amount of recovery, the same being too large.   There was also an additional, or supplemental, motion upon the ground of newly-discovered evidence.   The overruling of the motion for a new trial is the only error assigned.

The appellee insists that the supplemental motion cannot be considered, because, he insists, it was filed too late.

The verdict in this case, as disclosed by the record, was returned on October 8, 1921.   The said supplemental motion was "filed with the court" on November 7, 1921.   By §1350 Burns 1914, §1280 R. S. 1881, it is provided:—"The time within which an act is to be done, as herein provided, shall be computed by excluding the first day and including the last.   If the last day be Sunday it shall be excluded."

Measured by this provision of our statute, the supplemental motion was filed within the time allowed by statute.   *Flynn* v. *Taylor* (1896), 145 Ind. 533, 44 N. E. 546.   We shall therefore consider it.

The alleged newly-discovered evidence was a certain conversation, alleged to have been had between appellee and one Cummings, wherein, as it is alleged, the appellee made certain statements concerning the alleged release of the rentals in controversy, and which said statements were favorable to the appellant herein.

An examination of the record discloses that not only the appellant, but also one Murphy, a witness for appellant, testified concerning the same alleged conversation involved in said motion.   The testimony of said Murphy, as set forth in the brief of appellant herein, was, in substance, as follows:—"In the latter part of February, 1920, Ray Condon, George J. Cummings, Richard Harl Jones, and myself were at my office, and

Cummings said to Condon,—'Now is there any liens, rentals, or other burdens hanging on this lease?' Condon said, 'No,' and turned to Jones and said,—'Isn't that right, Harl?' and Jones said,—'That is right.' Cummings said he wanted that information in shape to present to his men so they could see the lease was clear, and asked Jones if he could have a receipt; Jones said he could, so Cummings dictated to me and I wrote it out on the typewriter; it is 'Exhibit B.' The Exhibit above referred to is pleaded as 'Exhibit B,'" to appellant's third paragraph of reply to appellee's second paragraph of answer. The said exhibit recites that,—"for and in consideration of one dollar, the receipt of which is hereby acknowledged, AND OTHER VALUABLE CONSIDERATION, I hereby acknowledge receipt of all rentals due me. * * *." (Our caps.)

By the pleadings in this case the appellant was given notice that, notwithstanding said receipt, the appellee was claiming said rentals as being due to him. Had the appellant desired to inform himself, before trial, as to the basis of this claim, our statute provides a way by which this information could have been obtained; but appellant took no steps towards that end.

Waiving the question as to whether the alleged newly-discovered evidence was merely cumulative, we are clearly of the opinion that the record before us does not disclose such diligence on the part of the appellant as the law requires. See *Schick* v. *Blakesley* (1922), 80 Ind. App. ——, 134 N. E. 498, where the rules which govern in matters of this kind are considered at some length.

After a careful reading of the evidence we are convinced that the verdict is sustained by sufficient evidence, and that it is not contrary to law.

Appellant also urges that there was error in the assessment of the amount of recovery, the same being too

large.    After considering the testimony in the case, we cannot accede to this contention.    The record does not affirmatively show such error.

No error has been presented, and the judgment is therefore affirmed.

Nichols, C. J., not participating.