## SHANNON v. ABSHIRE.

[No. 11,809. Filed December 4, 1923. Rehearing denied February 19, 1924. Transfer denied March 21, 1924.]

1. APPEAL.—*Nunc Pro Tunc Entry.—Motion for.—Evidence not in Record.*—On appeal from a ruling of the court directing an entry *nunc pro tunc*, if the evidence introduced in support of the motion is not in the record, it will be presumed to have been sufficient, and that the order was properly made. p. 301.

2. COURTS.—*Nunc Pro Tunc Entry.—Petition for.—Sufficiency.*—A petition for a *nunc pro tunc* entry of a judgment is sufficient where it alleges that certain proceedings were had, the cause was submitted to a jury, a judgment was rendered, the defendant filed a motion to modify the judgment, the modification of the judgment, and that the clerk failed to enter the proceedings in the record. p. 301.

3. APPEAL.—*Prayer for Appeal.—Refusing to Grant.*—Reversible error cannot be predicated on denial of appellant's prayer for appeal where he takes no steps to, and does not, put the trial court in default by tendering an appeal bond in the amount fixed, and with solvent sureties, and asking the approval of the sureties and bond. p. 301.

From Delaware Circuit Court; *Clarence W. Dearth,* Judge.

Action by Ruth Abshire against Roy C. Shannon and another. From a judgment for plaintiff against defendant Roy C. Shannon, he appeals. *Affirmed.*

*John T. Walterhouse* and *Thomas V. Miller,* for appellant.

*E. R. Templer* and *Claude C. Ball,* for appellee.

McMAHAN, J.—Appellee filed her complaint against appellant and another for conversion. There was a trial by jury which resulted in a verdict in favor of appellee against appellant in the sum of $650. In connection with the general verdict, the jury answered a number of interrogatories. Judgment was rendered in

accordance with the verdict. Later appellant filed a motion to modify the judgment so as to make the same conform to the amount due appellee as shown by the answer of the jury to the interrogatories. This motion was sustained and judgment rendered for appellee in the sum of $430, with interest from January 17, 1922, that being the day on which the verdict was returned.

The clerk having failed to make any entries showing the submission of the cause to the jury, the return of the verdict and answers to the interrogatories, the rendition of the judgment for $650, and of the action of the court sustaining appellant's motion to modify the judgment and rendering the judgment for $430, appellee, on June 6, 1923, filed her motion for an order *nunc pro tunc,* directing the clerk to enter of record the proceedings showing the submission, the verdict and answers of the jury to interrogatories, the judgment as originally entered and as modified. The court, after a hearing on this motion, sustained the same and directed the clerk to enter the omitted entries and the judgment against appellant for $430.

Appellant excepted to the action of the court in sustaining the motion *nunc pro tunc* and entering the judgment *nunc pro tunc,* and prayed an appeal, which the court denied. Time was then given appellant in which to file all bills of exceptions. Within the time so fixed, appellant filed a bill of exceptions containing the evidence given on the trial before the jury. No bill of exceptions has been filed containing the evidence given on the hearing of the motion *nunc pro tunc.*

The only error assigned and relied on for a reversal relate to the action of the court in sustaining the motion *nunc pro tunc* and in denying appellant an appeal therefrom.

The evidence introduced in support of this motion not being in the record, we must presume it was suffi-

cient and that the order was properly made.

1. *Salem-Bedford Stone Co.* v. *O'Brien* (1898), 150 Ind. 656; *Terre Haute Brew. Co.* v. *Ward* (1913), 56 Ind. App. 155.

The petition for the *nunc pro tunc* entry is sufficient to authorize the order as made by the court. It sufficiently alleges that certain proceedings were had

2. and that the clerk failed to enter these proceedings in the record. The order as made is sufficient in form and clearly shows the rendition of a judgment against appellant for $430 with interest from the day the verdict was returned. Appellant makes no claim that appellee was not entitled to a judgment for $430. After a judgment had been rendered against him on the general verdict, and after his motion for a new trial had been overruled, he filed a motion to modify the judgment so as to correspond with the facts as found by the jury in answer to the interrogatories. This motion was sustained and the judgment for $430 was rendered at appellant's request. On the question of appellant's right to question the $430 judgment on appeal, see *McMahan* v. *McMahan* (1895), 142 Ind. 110.

Appellant contends that the court erred in denying his prayer for an appeal. A party affected by an adverse ruling must do something more than ex-

3. cept and pray an appeal before the action of the court in denying such prayer can be made available as reversible error on a vacation appeal. If the appellant had tendered an appeal bond in a sufficient amount and with sufficient surety, and the court had arbitrarily refused to approve such bond, or if the court on request had refused to fix the amount of an appeal bond, appellant might have some ground for complaint. The question as to how such question can be presented to an appellate tribunal is not before us, and we express no opinion on that subject. But it is clear that

before an appellant can complain of the action of the court in denying a prayer for an appeal, he must take some step to, and which does, put the trial court in default. Simply praying an appeal is not sufficient. The action of the court in denying appellant's prayer for an appeal may have been because of his failure to tender an appeal bond, or to ask for an extension of time within which to file such bond in such penalty as the court might fix and with sureties to the approval of the court. See *Houser* v. *Laughlin* (1914), 55 Ind. App. 563.

Judgment affirmed.