GRAY *v.* GRAY ET AL.

[No. 25,284. Filed May 13, 1931.]

*John A. Dunlap,* for appellant.
*Fraser & Isham* and *Charles M. Snyder,* for appellees.

TREANOR, J.—The appellant was a defendant and the appellees plaintiffs in a partition suit in Benton Circuit Court, the land involved belonging to the appellant and certain of the appellees as cotenants. There was a find-

ing that the land was not susceptible of division and that the appellant and his cotenants were each entitled to a one-fifth interest. The court thereupon entered a decree awarding an undivided one-fifth of the land to each heir and ordered the land sold. The foregoing acts of the trial court are not questioned by the appellant; and this appeal is predicated entirely upon the rulings of the trial court in subsequent proceedings.

Before the commissioner had completed the sale, the appellant filed a petition setting out that, subsequent to the order of sale, but before the date of sale, he had filed in the office of the clerk of the Benton Circuit Court *lis pendens* notices of two suits pending in counties other than Benton, which suits were being prosecuted by the appellant against three of his cotenants. In this petition, the appellant disclaims any purpose of "hindering and delaying the sale of land"; and prays the court to "transfer said *lis pendens* notices or liens as liens on said lands from said lands to the proceeds of said sale when collected by said commissioner. . . ." The court then ordered the commissioner to file a proceeding "to determine the validity of said alleged liens, and the amount or amounts due thereon, and take such other steps as may be necessary to clear the title of said real estate so that the sale may proceed." Thereupon, the appellant filed an application for the appointment of a receiver "to take charge of said property and to collect the rents accrued," etc. The appellees filed an answer to the appellant's application for a receiver, and the court ordered that a citation be issued to the appellant "to show cause why said liens should not be declared invalid, and be canceled, and to show any right he may have to obstruct the processes of the court." The commissioner filed a partial report, in which he set out that the sale could not be consummated on account of "certain alleged *lis pendens* liens" and prayed that the court cite

the appellant to appear in court and show cause why "said *lis pendens* liens should not be canceled and removed from the records." The prayer was granted and the citation was issued. The appellant filed a motion "to strike out the petition of the commissioner" praying for the citation to show cause; and, upon the overruling of this motion, filed a demurrer "to said report and petition"; which demurrer was overruled. The appellant then filed a pleading "by way of answer to the citation herein issued," etc. The substance of the answer was: (1) That the Benton Circuit Court had no jurisdiction to try the merits of the lien claims; (2) that the purchaser took subject to the alleged liens and should be compelled to pay the full amount to the commissioner; (3) that the appellant is seeking merely to protect his lien interest and that the legal effect of the *lis pendens* notices was not to obstruct the sale of the land, but (a) to advise the purchaser and (b) to assert a lien against the proceeds from the sale of the lands and not against the lands. The relief requested was that the commissioner and purchaser be required to go forward and complete the transaction "and that the lien of the said James T. Gray to the amount of the judgment obtained by him in the Jasper Circuit Court attach to the shares of the proceeds of said sale owned by the said Albert E. Gray and Edward Y. Gray at this time; and that the commissioner be further ordered to hold the balance of the proceeds of said sale belonging to the said Albert E. Gray and Edward Y. Gray, pending the decision of the said cause No. 12,442 in the Appellate Court," etc.

The cause was submitted to the court upon the basis of the foregoing pleadings.

The transcript shows the following entry by the court: "It is therefore considered, adjudged and decreed by the court that the said real estate be, and the same is hereby discharged and released from said *lis pendens* notices and

the said commissioner ordered and directed to close up the sale heretofore made of said real estate to Nellie M. Gray and to convey the same by his deed free and clear of any and all liens of said *lis pendens* notices and that the lien created by the said notices, if any, be transferred to the proceeds derived from the said sale.

"And the court now finds against the petition of James T. Gray for the appointment of a receiver, and adjudges that the prayer of the petitioner be denied, to which ruling, the petitioner excepts."

The foregoing entry was made June 30, 1925, and, on July 3, the appellant filed a motion for a new trial. This motion was overruled March 23, 1926, and appellant's transcript was filed September 18, 1926. On March 16, 1927, appellees filed a motion in this court to dismiss appellant's appeal, contending in the supporting brief that the only question presented on appeal was whether the court erred in refusing to appoint a receiver; and that the appeal should be dismissed for the reason that it was not taken within the statutory period of 10 days.

In his brief on appellees' motion to dismiss, the appellant insists that "the judgment appealed from is not an order granting or denying a receiver, but the decree of the court releasing the land from liens and destroying appellant's security for his claims against the owners thereof"; that "this is an appeal from the judgment of the Benton Circuit Court releasing and discharging certain real estate from the liens created by the filing of *lis pendens* notices"; that "the court adjudged and decreed that the land so partitioned and sold by the commissioner should be and was released from the lien of said *lis pendens* notices, and *incidentally* and *in addition to* said decree (our italics) denied the appointment of a receiver." But the foregoing contention of the appellant fails, for the reason that no question is presented respecting "the judgment of the Benton Cir-

cuit Court releasing and discharging certain real estate from the liens created by the filing of *lis pendens* notices." Appellant's complete assignment of error is as follows:

"No. 1. The court erred in overruling appellant's motion to strike out the petition of the Commissioner, Lemuel Shipman, praying for a citation to be issued to James T. Gray to show cause why certain liens should not be declared void and why the same should not be canceled.

"No. 2. The court erred in overruling appellant's demurrer to the petition filed by Lemuel Shipman asking for a citation to be issued to James T. Gray to show cause why certain liens should not be declared void and why the same should not be canceled of record.

"No. 3. The court erred in overruling appellant's motion for a new trial." The first two alleged errors do not present any question respecting the "judgment . . . releasing and discharging certain real estate from the liens created by the filing of *lis pendens* notices"; and, further, the questions presented are moot, for the reason that the court found the appellant, by his answer, had discharged the citation and was "released from further answering the same"; and for the further reason that the court did not declare the alleged liens void and did not cancel them "of record." On the contrary, the court preserved any interest of appellant secured by the *lis pendens* notices by ordering that "the lien created by said notices, if any, be transferred to the proceeds derived from the said sale."

The third error relied upon, the overruling of appellant's motion for a new trial, with its supporting causes, is comprehensive enough to present questions involved in the court's action on the *lis pendens* notices; but, in his "points and authorities," the appellant, in support of the alleged error in overruling his motion for a new trial, discusses only the court's action in denying the appointment of a receiver. Conse-

quently, the only appealable question, if any, before this court is the trial court's refusal to appoint the receiver, for, clearly, the trial court's action in overruling appellant's motion and demurrer does not, in itself, present an appealable question. Since the requested receivership was to be ancillary to the partition suit, the court's order denying the application was an interlocutory order; and, to secure a review of the order, it was necessary that the appellant complete his appeal to this court within 10 days. (§1302 Burns 1926; *Lewis* v. *Nielson* [1911], 176 Ind. 414, 96 N. E. 145.) Whether we count from June 30, 1925, the date of the order denying the appointment of a receiver, or from March 23, 1926, the date of the overruling of appellant's motion for a new trial, more than 10 days elapsed before the filing of appellant's transcript in this court on September 18, 1926. But §1302 Burns 1926, *supra,* is the only authority for an appeal from an interlocutory order appointing or refusing to appoint a receiver, and contemplates that the assignment of error be the order appointing or refusing to appoint a receiver and not the overruling of a motion for a new trial. Consequently, we should count from the date of the order refusing to appoint the receiver, since this appeal must be considered as taken from such order and not from the overruling of appellant's motion for a new trial. (*Continental Clay, etc., Co.* v. *Bryson* [1907], 168 Ind. 485, 81 N. E. 210; *State* v. *Union National Bank* [1896], 145 Ind. 537, 544, 44 N. E. 585, 57 Am. St. 209.)

As stated above, we think the appellant has not presented to this court any question respecting the so-called "judgment releasing and discharging certain real estate from the liens created by the filing of *lis pendens* notices." But, if this were properly presented, it would not save the appeal on appellant's theory, which apparently is that this appeal presents a main question to which the receivership is merely inci-

dental. An examination of the court's entry, which is set out above, discloses that the order of the court dealing with the alleged liens is not a final judgment from which an appeal will lie. "A judgment is not final unless all the issues of law and fact are determined and the case completely disposed of, so far as the court had power to dispose of it." *Champ* v. *Kendrick, Trustee* (1892), 130 Ind. 545, 30 N. E. 635. In directing that the real estate be conveyed "free and clear of any and all liens of said *lis pendens* notices and that the lien created by the said notices, *if any* (our italics) be transferred to the proceeds derived from the said sale," the court carefully avoids deciding the question of the validity of the alleged liens and does not purport to determine the rights of any of the parties with respect to the alleged liens. The order of the court clears the way for the completion of the sale of the land in question and a consequent final adjudication and settlement of the partition suit, leaving for future determination the validity of the alleged liens, the legal effect of the *lis pendens* notices and the rights of the parties with respect to the liens, if the liens should be found to be valid. The judgment or decree of the court was not a final judgment and does not come within the statutory classes of appealable interlocutory orders.

Furthermore, a comparison of appellant's pleadings, both affirmative and negative, with the court's entry set out above discloses that the appellant was accorded all the relief asked for except the appointment of a receiver. "A party who expressly asks that a designated ruling, finding or judgment be made or rendered, cannot avail himself of that ruling or action of the court, although it may be material and may be exhibited by the record. What a party expressly asks the court to do, when done, cannot be available as error, however erroneous such an action may be, without a violation of the plainest principles of law." *McMahan*

v. *McMahan* (1895), 142 Ind. 110, 40 N. E. 661; *Shannon* v. *Abshire* (1923), 81 Ind. App. 299, 141 N. E. 621; Elliott, Appellate Procedure §§626-630.

The appeal not having been perfected within 10 days from the date of the order, the same is dismissed.