FERRARA ET AL. *v.* GENDUSO ET AL.

[No. 27,007. Filed April 28, 1938.]

*McGuire, Alexander & Grave* and *John D. Kennedy*, for appellants.

*E. J. Fletcher* and *E. J. Wiltrout*, for appellees.

FANSLER, J.—Appellants brought this action to vacate a judgment which they allege to have been taken because of their mistake, surprise, inadvertence, and excusable neglect. A demurrer to the complaint was sustained, and the ruling is assigned as error.

The complaint alleges that the appellants were the owners of certain property which was mortgaged to the appellee Tony Genduso to secure a loan; that, when the indebtedness became due, the appellants offered to deed the property to the appellee, who is the brother of the appellant Josephine Ferrara, but that the appellee then suggested, and agreed with appellants, that, if they would make certain repairs on said building, he would refrain from foreclosing his mortgage and permit them to procure a federal loan upon the premises with which to pay the indebtedness to him; that they then agreed to make the repairs, and expended approximately $3,700 in repairing the premises, in paying taxes, and procuring insurance thereon; and that, when the repairs were completed, and before they could effect a loan, the appellee fraudulently violated his agreement and brought an action to foreclose his mortgage; that the representations were made by the appellee to his sister, the appellant Josephine Ferrara, for the fraudulent purpose of deceiving them and procuring them to expend large sums of money on the premises; that, because of the

action to foreclose appellee's mortgage, they were unable to procure the loan contemplated by their agreement with appellee; that, when advised of the action to foreclose the mortgage, they employed attorneys, who were authorized to appear for them, and consulted with said attorneys about their defense, and advised their attorneys about the oral agreement with the appellee, and requested their attorneys to make a defense to said action upon the basis of the oral agreement; that they believed their attorneys had set up a defense to the action based upon the oral agreement, and relied upon their attorneys so to do; that they did not know the cause was set for trial, nor that their attorneys had failed to file an answer except in general denial; that, in fact, their attorneys did not appear in court on the day said cause was assigned for trial; and that their attorneys agreed with the plaintiff's counsel that judgment should be entered in favor of the appellee, all without their knowledge and consent; "that the plaintiffs are laymen, and relied solely and entirely upon their said counsel for guidance and the method of said procedure for their defense"; but that, if they had known the attorneys had not set up the defense referred to, they would have insisted upon its being pleaded.

There is no allegation of fraud upon the part of the appellants' attorneys, nor is there an allegation that the failure to present the defense in question was procured by the connivance or fraud of the appellee.

In *Thompson et al.* v. *Pershing et al.* (1883), 86 Ind. 303, 310, it is said: "An attorney may, without express authority, bind his client by agreement that judgment may be taken against him, and that, too, though the attorney know that his client has a good defence to said action. If he acts contrary to the express directions of his client, or to his injury, the client must look to the attorney for redress." And in *Moore* v.

*Horner* (1896), 146 Ind. 287, 289, 45 N. E. 341, 342, it is said: "It is a general rule that no mistake, inadvertence or neglect attributable to an attorney can be successfully used as a ground of relief unless it would have been excusable if attributable to the client. The acts and omissions of the attorney in such case are those of the client." In *Sharp et al.* v. *Moffitt, Adm'r, et al.* (1884), 94 Ind. 240, 242, the following language is quoted with approval: "But usually the rule is, that where an attorney is employed in a cause, the fact that his client is not in fault, and that judgment goes against him through the laches or bad faith of the attorney, will furnish no ground of relief. The acts and omissions of the attorney `in such a case are those of the client. The attorney is the agent of the party employing him, and in court stands in his stead. This is the rule, unless there be some fraudulent combination or collusion between the attorney and the other side." The case of *Cory* v. *Howard et al.* (1929), 88 Ind. App. 503, 164 N. E. 639, relied upon by the appellants, involves the breach of an agreement between the defendants and the plaintiff's attorney, and the dictum quoted in that opinion from *Pepin et al.* v. *Lautman* (1901), 28 Ind. App. 74, 62 N. E. 60, must be treated as referring to an attorney who fraudulently and corruptly connives with the adverse party for the defeat of his client. Fraud, which might have been available as a defense to the original action, will not avail as a cause for setting aside the judgment if there was opportunity to plead such fraud as a defense to the original action. Under these authorities it is clear that the facts alleged in the complaint do not make such a case of mistake, surprise, inadvertence, or excusable neglect as will authorize the vacation of the judgment. In view of our conclusion, it is unnecessary to consider whether the facts alleged con-

cerning the oral agreement would have constituted a defense to the original action.

Judgment affirmed.