## MOCKFORD *v.* ILES.

[No. 27,364.   Filed April 2, 1940.   Rehearing denied April 30, 1940.]

*Harry K. Cuthbertson,* of Indianapolis, for appellant.
*Arthur J. Iles,* of Indianapolis, for appellee.

SWAIM, J.—This was an action for the unlawful detention and conversion by the appellant of certain personal property of the appellee. The essential facts disclosed by the court's special finding are as follows: On May 13, 1932, the appellee was the owner of all of the personal property described in the complaint. On said date all of said property was delivered by the appellee to the appellant for storage in the appellant's warehouse. It was agreed between the parties that the appellant should transport the said property to his warehouse and store the same therein, in consideration of the payment to him by the appellee of reasonable storage charges, which were to be determined by the amount of floor space occupied by said property in his warehouse.

Prior to the delivery of said property to the appellant for storage it was agreed between the parties hereto that appellant should transfer and move certain other property of the appellee from the apartment where the appellee was then living to another apartment for a

consideration of not more than $10.00. During the moving of the property from the one apartment to the other a lamp shade was damaged which the appellant agreed to replace but which he refused to deliver to the appellee until she paid to him the total sum of $22.50 for transfer and drayage charges for moving the property from the one apartment to the other. The appellee caused her husband, for and on her behalf, to make a formal demand for the return of said lamp shade, which demand was accompanied by a tender of $10.00 as payment of the transfer and drayage charges in accordance with the agreement between said parties, but said demand was refused by the appellant on the ground that the charges were $22.50.

On June 5, 1933, the appellee made a demand upon the appellant for the return of all of her property and tendered to him the amount which he claimed to be due for storage and the sum of $10.00 as payment of the charges for moving, but the appellant in addition to the $36.00, which he claimed due for storage, also claimed there was due him the sum of $19.50 for moving the furniture of plaintiff from the one apartment to the other, $1.50 for the use of certain barrels used in such moving, and the further sum of $1.50 for transfer and drayage charges for moving certain other property from 2219 Pierson Street, in the City of Indianapolis, to the appellant's warehouse.

On the refusal of the appellee to pay these additional charges, the appellant refused to accept the tender and refused to return the storage property described in the complaint and the parchment lamp shade which had been damaged in moving.

On January 5, 1935, the appellee made a written demand on the appellant by registered mail for the return of the storage property and the lamp shade and

included in said written demand an offer to pay reasonable storage and transfer charges. In response to such demand the appellant mailed a written statement to the appellee's husband again demanding payment of the total sum of $58.50, itemized as stated above and showing a credit for the sum of $16.50 as proceeds of the sale of part of appellee's goods. The court also made a finding that the total value of all of the appellee's goods, which were held by the appellant in storage, was the sum of $1,020.26. This amount was computed by the addition of the separate values which the court found for each of the items of said property as of June 5, 1933. The court concluded that the law was with the appellee; that she was entitled to recover from the appellant the sum of $1,020.26 as damages for the conversion by the appellant of the personal property described in her complaint; that the appellant failed to comply with the requirements and provisions of the Uniform Warehouse Receipts Act; that by demanding a sum larger than the amount due him for storage of the property and demanding payment of charges not connected with said storage the appellant "waived, lost and destroyed any lien he might have had on said property;" that by refusing to return appellee's property, which appellant held in storage, upon sufficient demand therefor, accompanied by offer to pay all proper charges, the appellant was shown to have been guilty of the conversion of said property to his own use; that the appellee should recover the sum of $1,020.26 from the appellant, and judgment was entered accordingly.

The alleged errors assigned are that the court erred in each of his conclusions of law and in overruling the appellant's motion for a new trial.

Among the grounds stated in the appellant's motion for a new trial were the following: that the finding of

the court was (1) not sustained by sufficient evidence, (2) was contrary to law, (3) that the assessment of the amount of the recovery was erroneous, being too large, and (4) that the defendant, by accident and surprise, which ordinary prudence could not have foreseen and guarded against, was prevented from having a fair trial of said cause.

The appellee contends that no question can be presented under the motion for new trial because said motion was not filed within thirty days from the date of the special finding. The record shows that the special finding of facts was filed on December 6, 1937, and the motion for new trial was filed on January 5, 1938. In computing the thirty days we must follow § 2-4704, Burns' 1933, § 1211, Baldwin's, 1934, which provides that in such computation the first day is excluded and the last day counted. The motion for new trial was, therefore, filed within thirty days. *Condon* v. *Jones* (1923), 79 Ind. App. 241, 137 N. E. 716.

Appellant's first general proposition is to the effect that as shown by the complaint, the evidence, and the finding of facts, there was only one contract between the parties covering both the goods to be stored and the goods to be transferred and that, therefore, the appellant was justified in refusing to deliver the goods in storage until all charges which were claimed to be due from the appellee, were paid. Finding numbered 2 showed at least a separable contract covering (1) the moving of appellee's goods from one apartment to another and (2) the transportation to the appellant's warehouse and storage of the goods described in the complaint. The appellee's testimony was sufficient to support this finding of the court and it was not inconsistent with the complaint, although the complaint did speak of "an oral agreement" cover-

ing the two subjects. If the agreement between the parties be considered one contract it was clearly divisible as to the moving and as to the storage. Two separate services were to be furnished by the appellant and a separate charge was to be made for each.

Under our statutory definition the appellant was a warehouseman. § 67-101, Burns' 1933, § 16222, Baldwin's 1934. An early case in this state held that a warehouseman, who on demand refused to deliver property to the owner when the demand was accompanied by a tender of the warehouseman's charges, might be sued for the value of the property and that the demand and refusal constituted evidence of the conversion of such property. *Pribble* v. *Kent* (1858), 10 Ind. 325, 328. On the authority of this case it was unnecessary for the appellee to prove a sale of her property in order to make a case of conversion. The complaint alleged a sale of only a portion of the goods and the special finding showed that the appellant in his statement on account admitted such a sale.

Under the Uniform Warehouse Receipts Act a warehouseman has a lien *"on goods deposited,* or on the proceeds thereof in his hands, for all lawful charges for storage and preservation of *the goods;* also for all lawful claims for money advanced, interest, insurance, transportation, labor, weighing, coopering, and other charges and expenses in relation *to such goods; . . . "* Acts 1921, ch. 100, § 27, p. 220, § 67-427, Burns' 1933, § 16267, Baldwin's 1934. Under the provisions of this act it would seem clear that the lien of the warehouseman could not be extended to cover charges in relation to other goods which were not stored, especially where the services on such other goods were performd under a separate contract or under a separable part of the same contract.

Here the court found that the appellee tendered to the appellant the amount which he claimed to be due for the storage of the goods in question and demanded the delivery of such goods. The delivery should have been made by the appellant and his failure to do so placed upon him the burden of establishing "the existance of a lawful excuse for such refusal." Acts 1921, ch. 100, § 8, p. 220, § 67-408, Burns' 1933, § 16248, Baldwin's 1934. The appellant refused to deliver the goods unless appellee complied with his demands for the payment of (a) the amount of storage claimed to be due, (b) a larger sum for the moving of the furniture than the maximum price to which the court found he had agreed, and (c) of a small amount in addition to the storage and moving for a service which apparently had no connection whatever with the agreement concerning the storage and the moving. When a warehouseman refuses a proper demand for the delivery of goods upon the payment or the tender of the amount due him, and insists on the payment of excessive or improper charges before delivery, he thereby loses his lien upon the goods he has in storage and acts illegally and unlawfully in so refusing delivery. Acts 1921, ch. 100, § 29, p. 220, § 67-429, Burns' 1933, § 16269, Baldwin's 1934.

Appellant also insists that he was prevented from having a fair trial of the cause because of accident and surprise, in that his attorney failed to notify him of the trial of this cause until the afternoon of the day preceding the date which had been fixed for such trial; that when the appellant informed his attorney that he could not, within such a short period of time, procure the attendance of his witnesses and that it would, therefore, be necessary to obtain further time, the attorney informed him that it would be unnecessary for the appellant to attend the trial but

that the attorney would attend and would protect the rights and interests of the appellant. That the said attorney did attend the trial, consented without objection to the trial being then held, and, although knowing that the appellant had a legal and meritorious defense to the action, said attorney failed to introduce any evidence or to request any additional time within which evidence might be introduced on behalf of the defendant. There was no allegation by the appellant that the action of his attorney was induced by the fraud or connivance of the appellee nor is there any allegation of fraud on the part of the attorney. In the absence of a showing of some fraudulent combination or collusion between the attorney and the appellee the appellant is bound by the actions of his attorney even though the attorney be guilty of gross negligence. *Ferrara* v. *Genduso* (1938), 214 Ind. 99, 14 N. E. (2d) 580.

In the special finding of facts the court sets out an itemized list of the property in question and found the value of each of such items. By the addition of such itemized amounts the court found the total amount which the appellee should recover. Some of the more important items of said property were purchased by the appellee in 1927 and 1928. The property had been moved several times and had been used by the appellee until it was placed in storage with the appellant in 1932. Only two witnesses testified as to the value of said goods—the appellee and Carlos Recker of the Sander & Recker Furniture Company, the store from which some of the property had been purchased. The testimony of Recker was rather vague as to the identity of the property in question and only purported to go to the value of the property as it stood on the floor of the furniture company prior to the sale to

the appellee. He testified that the price of the furniture had dropped since this furniture was purchased and that there was usually a depreciation on furniture from use. He had not seen the furniture in question since it was taken out of his store and expressed no opinion as to its value as of June 5, 1933, when the appellant refused to deliver such furniture on the demand of the appellee. On some of the items of property the court found the value of the furniture as of June 5, 1933, to be the same as the value which the witness Recker said it had on the floor of his store in 1927. One bedroom suite which the appellee testified had a value of $100.00 as of June 5, 1933, the court found to be worth $200.00 on said date, the value fixed by Recker as of 1927. No one testified that it had a value of more than $100.00 as of June 5, 1933, and there was no evidence from which the court might have inferred that it had a value of more than $100.00 as of said date. The values of other items were found in the same manner. There was no evidence to support the court's finding of values as to the various items where the value as of 1933 was found to be the same as the value as of 1927 and 1928, when the undisputed testimony of the appellee showed that the value as of 1933 was materially less. Since there was no evidence to support the finding of the court as to the value of some of the items, and since the amount of recovery was computed by the addition of the values of all of the items, the finding of the amount due the appellee was not supported by sufficient evidence and there was error in the assessment of the amount of recovery in that the amount was too large.

The judgment is reversed with instructions to grant appellant's motion for a new trial.

Note.—Reported in 26 N. E. (2d) 42.