SCAROS *v.* CHACKER

[No. 17,262. Filed September 28, 1944.]

*Frank A. Rondinelli,* of Gary, for appellant.

*George P. Rose,* of Gary, and *E. Miles Norton,* of Crown Point, for appellee.

ROYSE, J.—Appellant seeks to prosecute this appeal from an agreed judgment of the Lake Circuit Court in an action there involving a partnership between the parties hereto. After the judgment, which shows on its face that it was made by the court on the agreement of the parties, appellant filed what he denominated a motion for a new trial in which he averred that he had not agreed to the judgment, that it was obtained by fraud, and for the further reasons that the finding and decision of the court is not sustained by sufficient evidence and is contrary to law. After hearing evidence on this motion it was overruled by the trial court.

Appellee has filed his motion to dismiss this appeal. The motion contains several specifications. We deem it necessary to consider only two of these. (1) This is a purported appeal from an agreed judgment; (2) that the purported transcript shows upon its face that appellant's objections were denied after a three day hearing by the trial court, and the evidence supporting the court's decision is not made a part of the record herein.

"It is a general rule that an order, judgment, or decree, entered by the court upon the consent of the parties litigant, being in the nature of a contract to which the court has given its formal approval, cannot subsequently be opened, changed, or set aside without the assent of the parties, in the absence of fraud, mutual mistake, or actual absence of consent, and then only by an appropriate legal proceeding." 139 A. L. R. 422, and authorities cited under Point II. See also, *McMahan* v. *McMahan* (1895), 142

Ind. 110, 40 N. E. 661; *Shannon* v. *Abshire* (1924), 81 Ind. App. 299, 141 N. E. 621.

The question of the trial court's ruling on the motion for a new trial requires a consideration of the evidence. No bill of exceptions containing the evidence heard by the trial court on this question has been filed. Therefore, no question has been presented for our consideration.

Moreover, in a supplemental motion to dismiss this appeal appellee has filed the certified record of the clerk of the Lake Circuit Court showing that appellant personally received and receipted for the sum of $392, which was part of the benefits granted him in the judgment he here seeks to attack. It is provided by § 2-3201, Burns' 1933, in part, as follows: "The party obtaining judgment shall not take an appeal after receiving any money paid or collected thereon." Appellant, having accepted benefits from the judgment herein, cannot now have that judgment reversed. *Beard et al.* v. *Hosier et al.* (1915), 58 Ind. App. 14, 107 N. E. 558; *Wyncoop, Administrator et al.* v. *Laughner et al.* (1939), 106 Ind. App. 457, 19 N. E. (2d) 486.

For the reasons herein set out, the appeal must be dismissed.

NOTE.—Reported in 56 N. E. (2d) 505.