KERNS ET AL. *v.* GARRIGUS

[No. 19,385.  Filed November 20, 1959.]

*Rosenfeld & Wolfe* and *Howard T. Batman,* both of Terre Haute, for appellants.

*Berry, Kincade & Allen* and *Gambill, Cox, Zwerner & Gambill,* both of Terre Haute, for appellee.

MYERS, P. J.—This is an action commenced by appellee as plaintiff in the Vigo Superior Court, Room No. 2, to recover damages for personal injuries allegedly caused by the negligence of the appellants who were doing business as a coal mining company.

The complaint alleged in brief that on February 3, 1958, appellee was instructed to pick up a load of coal in his truck and deliver the same to a customer. While he was engaged in loading the coal into the truck from a coal car at appellants' coal yard, he slipped and fell because the coal was frozen and gave way. As a result he suffered personal injuries. Negligence was charged in that appellants failed to supply appellee with a safe place to load the coal and failed to give notice that the coal was frozen and would thereby slip off the car. Damages were asked in the sum of $75,000.

An answer in abatement was filed to the effect that at the time and place involved appellee was an employee of appellants; that the injuries complained of occurred by an accident and arose out of and in the course of appellee's employment; that neither appellee nor appellants had elected not to accept the provisions of the Workmen's Compensation Act of Indiana; that appellee was not a casual employee; that the claim, if any, was within the exclusive jurisdiction of the Industrial Board of Indiana. Appellee filed a reply in general denial to the plea.

Upon these issues trial was held and the matter taken under advisement by the court. Subsequently, and before the entry of final judgment, appellants filed a

motion to stay and suspend proceedings on the ground that the court should take no further action until the jurisdictional question presented had been adjudicated by the Industrial Board. They then filed a motion to reopen the issues for the introduction of additional evidence. These motions were overruled and the court entered judgment abating the action at appellee's costs. Appellants filed their motion for new trial in which they say that the decision of the court was not sustained by sufficient evidence and was contrary to law, and specify other errors. This motion was overruled and the appeal followed.

After the transcript and appellants' brief were filed, appellee filed his motion to dismiss the appeal on the basic principle of law that a party cannot appeal from a judgment which he has expressly or impliedly requested the court to enter. Flanagan, Wiltrout and Hamilton, Indiana Trial and Appellate Practice, §2125; *McMahan* v. *McMahan* (1895), 142 Ind. 110, 40 N. E. 661; *Shannon* v. *Abshire* (1924), 81 Ind. App. 299, 141 N. E. 621. This is the sole question to be decided by this court.

In their respective motions filed prior to entry of judgment, and in their brief in opposition to the motion to dismiss this appeal, appellants argue in essence that in spite of the fact that they received a favorable judgment by the trial court, they have been aggrieved and therefore judgment should be reversed. They contend that they have been aggrieved in that appellants, before and at the trial of this cause, were represented by an attorney who was employed by a casualty company which insured appellants against public liability; that such counsel undertook to defend the action primarily in favor of its own interests, and that the casualty company's interests and those of the appellants were ad-

verse in that the plea in abatement filed by the casualty company's counsel, having been upheld, subjected appellants to "potential" liability for payment of benefits under the Workmen's Compensation Act should such proceedings take place. They argue that in such event they would be deprived of any remedy before the Industrial Board due to the fact that the question of employment had been decided adversely to them and would be thereby binding on the Board. If an award were made, appellants argue they would have to pay it out of their own pockets because they were self-insured under the Act.

There is nothing in the record to show that the attorney who represented appellants was discharged or dismissed. In fact, it was brought out at the hearing that this attorney was well known to the appellants and that they were acquainted with the fact that he represented the casualty company. Darrell Kerns, one of the appellants, testified that his personal attorney was a partner of that attorney, and was questioned and answered as follows:

"Q—You are fully represented here both for person and liability—and you are personally yourself and the Company?
"A—Yes."

He further testified that he had talked to his personal attorney about the case. One of appellants' attorneys of record in this appeal was present at the trial of the plea in abatement and took part in the examination of witnesses for appellants, all of which is shown in the motion for new trial and the record.

If appellants were represented by counsel satisfactorily at the trial, and the statement made by appellant

Darrell Kerns would so indicate, they cannot later be heard to complain of their representation because of one counsel's choice of legal defense unless there was some gross negligence or fraud and connivance. There is nothing in the record to show that appellants were under a binding obligation to accept the services of the casualty company's attorney in this matter. Having permitted him to appear for them, it was presumed that he had authority to represent them. Appellants have not charged the casualty company's attorney with fraud or connivance. Thus, they were bound by his actions. *Mockford* v. *Iles* (1940), 217 Ind. 137, 145, 26 N. E. 2d 42; *Ferrara* v. *Genduso* (1938), 214 Ind. 99, 101, 14 N. E. 2d 580. The Superior Court had jurisdiction over both the persons and the subject-matter of this cause when it was filed therein. To the charges presented, appellants' attorney elected to defend by filing an answer in abatement, on the ground that the Industrial Board had jurisdiction as, in his opinion, this was a question involving employer and employee. In so doing, appellants invited the very trouble which they claim now aggrieves them. They subjected themselves to the jurisdiction of the Superior Court, which, by its judgment in abatement, gave them the very remedy they requested.

We mention, without deciding, that we do not believe the result of the court's judgment abating the action affects appellants adversely. The following statement of law is well established:

"A plea in abatement is one which, without disputing the justice of plaintiff's claim, objects to the place, mode or time of asserting it; it allows plaintiff to renew his suit in another place or form, or at another time, *and does not assume to answer the action on its merits,* or

deny the existence of the particular cause of action on which plaintiff relies." *Powers* v. *Ellis* (1952), 231 Ind. 273, 277, 108 N. E. 2d 132, 134. (Our emphasis.)

 As appellants cannot show that they have been aggrieved by the decision of the trial court in their favor, this appeal is dismissed.

Appeal dismissed.

NOTE.—Reported in 162 N. E. 2d 313.