STATE EX REL. PEOPLES NATIONAL BANK & TRUST CO. *v.* DUBOIS CIR. CT., KING, JUDGE.

[No. 767S35. Filed January 22, 1968. Rehearing denied March 19, 1968.]

*Fitzgerald & Bowers,* of Evansville, for relators.

*Nordhoff and Nordhoff,* of Jasper, and *Shake and Lewis,* of Vincennes, for respondents.

PER CURIAM.—The relators filed a verified petition for a writ of mandate requesting a mandate be issued commanding the Dubois Circuit Court and Howard A. King, as judge thereof, to enter an order sustaining a motion to reinstate Cause No. 1575, Peoples National Bank and Trust Company of Washington, Indiana, and Amy A. Hogan, Executors of

the Estate of Arch Hogan, Deceased, v. A. G. Blazey. The alternative writ of mandate was granted by this court.

On April 17, 1962, Arch Hogan, plaintiff, filed with the clerk of the Daviess County, Indiana, his complaint against the defendant physician for the wrongful death of John Michael Hogan, a minor son. Summons was served upon defendant on the 17th day of April, 1962, and the defendant appeared in this action by his attorney on the 21st day of April, 1962.

The plaintiff, Arch Hogan, father of the minor child, died on the 5th day of October, 1963. On September 15, 1964, Hon. Fred W. Dobbyn, judge of the Daviess Circuit Court, entered an order overruling the defendant's motion to dismiss the plaintiff's amended complaint and granted the motion of the relators to be substituted as parties-plaintiff therein and permitted the filing of a second amended complaint which was filed on September 16, 1964 in the Daviess Circuit Court.

Thereafter, on the 22nd of September, 1964, the defendant moved for a change of venue from the county, leaving Dubois County as the county to which the action would be venued. On October 14, 1964, the defendant filed his motion to reconsider the rulings of the court theretofore made on defendant's motion to dismiss the cause of action and also to reconsider the court's ruling on plaintiff's motion to substitute parties-plaintiff.

On January 15, 1965, the Dubois Circuit Court reconsidered the ruling previously made and sustained the defendant's motion to dismiss plaintiff's amended complaint and to dismiss this cause of action. The order was entered January 15, 1965.

On September 6, 1966, the relators herein, having obtained new counsel, filed in the Dubois Circuit Court a motion to reinstate this cause. Thereafter, Howard A. King, the duly elected and qualified judge of the Dubois Circuit Court set the matter for argument the 5th of May, 1967, and on the 23rd of May, 1967, overruled the relator's motion to reinstate. Thereafter, this original action was instituted.

Relators contend that their motion for reinstatement of this action was timely and properly filed and that they have a clear legal right to reinstatement of this action. Relators further contend that the Dubois Circuit Court was without power, authority and jurisdiction to dismiss the said action.

Rule 2-2 of the Rules of the Supreme Court provides in part:

"In all appeals and reviews the assignment of errors and transcript of the record must be filed in the office of the clerk of Supreme Court within ninety (90) days from the date of the judgment . . ."

The sustaining of a motion to dismiss and the dismissal of an action by a trial court is a final judgment from which an appeal lies, and a motion to reinstate will not take the place of an appeal nor toll the running of the time for an appeal. *Meier etc.* v. *Social Security Administration et al.* (1958), 237 Ind. 421, 146 N. E. 2d 239; *Dawson et al.* v. *Wright, Mayor, etc., et al.* (1955), 234 Ind. 626, 129 N. E. 2d 796; *Jerome S. Sacks* v. *Louis E. Winkler and Clara S. Winkler,* 10 Ind. Dec. 581, 227 N. E. 2d 177 [141 Ind. App. 13]; *Jerome S. Sacks* v. *Louis E. Winkler and Clara S. Winkler,* 10 Ind. Dec. 432, 226 N. E. 2d 172, [141 Ind. App. 13].

It is to be noted in the recital of the chronological sequence that defendant's motion to dismiss the plaintiff's amended complaint and to dismiss the cause of action was entered January 15, 1965; that not until September 6, 1966 did the relators move the Dubois Circuit Court to reinstate this cause.

The time for appeal had long since transpired. Nothing in the record indicates a failure of action by the original attorney for the relator. In any event, it has been held that a client is bound by the action of his attorney even though the attorney is guilty of gross negligence. There is no allegation that the action of the relators' original attorney was induced by fraud or connivance of respondents, nor is there any allegation of fraud on the part of the attor-

ney. In the absence of showing some fraud by the attorney the relator is bound by the action of its attorney even though the attorney be guilty of gross negligence. *Mockford* v. *Iles* (1940), 217 Ind. 137, 26 N. E. 2d 42; *Ferrara et al.* v. *Genduso et al.* (1938), 214 Ind. 99, 14 N. E. 2d 580.

Since the relator has not perfected its appeal within the time allowed by Rule 2-2 *supra,* this court has no jurisdiction in the matter. The contentions of the relators by their motion for reinstatement of this action by the trial court is, therefore, not properly before this court by way of an original action.

The alternative writ was improvidently issued, and a permanent writ is denied.

## MEMORANDUM ON PETITION FOR REHEARING

PER CURIAM.—Relators have petitioned this court to grant a rehearing in the above entitled cause. One of the questions raised was whether a litigant whose cause of action is dismissed is entitled to have the same reinstated upon motion.

In its original verified petition for writ of mandate relators stated:

"That promptly after having obtained new counsel, on the 6th day of September 1966 . . . filed in the Dubois Circuit Court a motion to reinstate this cause. . . ."

It is to be noted that on January 15, 1965, the respondents had sustained defendant's motion to dismiss plaintiff's amended complaint and to dismiss this cause of action.

It is stated in 12 I.L.E. § 51, page 299:

"Laches, in a general sense, is neglect, for an unreasonable and unexplained length of time, under circumstances permitting diligence, to do what in law should have been done. More specifically, it is inexcusable delay in asserting a right; an implied waiver arising from knowledge of existing conditions and an acquiescence in them; such neglect to assert a right, as taken in conjunction with lapse of time more or less great and other circumstances causing prejudice to an adverse party."

This doctrine is properly based upon the grounds of public policy.

The relators further have stated by way of argument, that had the relators herein sought relief by taking the avenue by way of appeal, they would have been required to perfect their appeal under the rules of this court. This, the relators did not do because they were not required to do so. As the respondent court, as it firmly appears from this record, was without authority either statutory or inherent to dismiss, and this action being void and wrongful, it became its duty to reinstate the cause upon a motion requiring it to do so, and upon its failure to grant such relief, the relators were entitled to the right to pursue their remedy provided by mandate and prohibition and were not required to seek relief by the avenue of appeal.

The period of time involved, however, constituted "laches."

A person seeking mandate or prohibition must have acted promptly and not have delayed unduly seeking his rights. *State ex rel. Nineteenth Hole, Inc. v. Marion S. Ct.* (1963), 243 Ind. 604, 189 N. E. 2d 421; *State ex rel. Hashfield v. Warrick Cir. Ct.* (1961), 242 Ind. 318, 178 N. E. 2d 734.

Petition for rehearing is denied.

NOTE.—Reported in 233 N. E. 2d 177. Rehearing in 234 N. E. 2nd 859.