GEORGE A. VLATOS *v.* INDIANA BONDING & SURETY COMPANY, EMMCO INSURANCE COMPANY, ALLEGHENY MUTUAL CASUALTY COMPANY, AND INTERNATIONAL FIDELITY INSURANCE COMPANY.

[No. 3-174A18. Filed September 24, 1975. Rehearing denied October 30, 1975.]

*William I. Marlatt,* Merrillville, for appellant.

*Harold Richter, Maragos, Richter & Russell,* Chicago, Illinois; *Marvin E. Silverman, Ottenheimer & Silverman,* East

Chicago; *Thomas H. Clifford, Lucas, Clifford, Kone & Holcomb,* Merrillville; *Hugh E. Reynolds, Jr., Locke, Reynolds, Boyd & Weisell,* Indianapolis, for appellees.

GARRARD, J.—It appears that a corporation (the general contractor) was employed by contract to erect an F.H.A. multiple family housing project. The corporation was a sham, and its "representative" soon disappeared, leaving the project uncompleted. The project has apparently been abandoned.

Although all the papers are not a part of the transcript before us, this action appears to have been originally commenced by a subcontractor against the general contractor, the owner and another. Appellant Vlatos, who is an engineer, became a party and asserted a "counterclaim" against the four companies (the sureties) that appeared on the performance bonds for the project. This claim was tried separately and presents the subject of this appeal.

Evidence introduced at the court trial established that Vlatos has his office in Pennsylvania. He is not licensed in Indiana. He testified that by agreement with the general contractor, he prepared plans to be submitted to F.H.A. for the project. Under the agreement he was to receive a specified fee, the major portion of which was unpaid. His work was performed in 1968 and early 1969. The construction contract for the project between the owner and the general contractor was entered into in March 1970, and work was commenced sometime thereafter. Admittedly, an Indiana architect signed and sealed the plans and specifications actually used on the project.

The trial court decided against Vlatos. It found, *inter alia,* that Vlatos and the general contractor had agreed that if the project was not completed, there was no obligation to pay the balance of the fee.

The propriety of that finding constitutes the basis for the several assignments of error.

For purposes of this appeal we need not again delineate the standards of review which apply to the various assignments that the finding is not sustained by the evidence; the conclusions are contrary to law; and the decision is not sustained by the evidence and is contrary to law. Vlatos recognizes that, at least, if there was evidence of probative value to support the determination, we will not reconsider it.

Whether that evidence exists depends upon the use of an answer to an interrogatory.

In June 1972, Vlatos filed his answers to interrogatories which had been propounded pursuant to Indiana Rules of Procedure, Trial Rule 33, regarding his agreement with the general contractor.

In response to interrogatory No. 3 requesting the details of the arrangement, Vlatos responded in part that the general contractor and its representative:

". . . were to pay the sum of $21,000 for said services of which $3,500 was to be paid to the time the agreement was entered into and the balance of $17,500 was to be paid at the completion of the project. If the project was not completed there was to be no obligation to pay the balance of $17,500."

The answers to further interrogatories indicated that the agreement expressed in the last quoted sentence was not thereafter changed or modified.

These answers were executed by one of the attorneys representing Vlatos in the case at that time.[1] They were introduced into evidence at the trial.

However, in testifying at the trial, Vlatos stated that this answer was incorrect. He asserted the answer had been prepared by his attorney in Philadelphia and that the attorney had been unable to confer with Vlatos at the time. Accordingly, he urges that since his testimony in this regard was not

---

1. The attorney was not the one whose name appears on the briefs.

directly disputed at trial, the answer to the interrogatory has no probative value. We disagree.

Rule TR. 33 provides for interrogatories to parties and permits the answers to be used at trial to the extent permitted by the rules of evidence. The rule clearly contemplates that answers are to be made by the party. Thus, although counsel may be expected to assist in preparation of the answers, once prepared they should be executed by the litigant, or in the case of an organization, the officer or agent supplying the information. TR. 33(A). We recognize that on occasion circumstances may dictate that the answers be executed by the party's attorney. We do not encourage the proliferation of that practice. When, however, it does occur and there is no claim that false answers were procured through fraud and connivance of the opposing party, the answers constitute answers of the party on whose behalf they are made. *See State ex rel Peoples Nat. Bank & Trust Co.* v. *Dubois Cir. Ct.* (1968), 250 Ind. 38, 233 N.E.2d 177, *reh. den.* 250 Ind. 42, 234 N.E.2d 859; *City of Evansville* v. *Nelson* (1964), 245 Ind. 430, 199 N.E.2d 703; *Kerns* v. *Garrigus* (1959), 130 Ind. App. 133, 162 N.E.2d 313.

Thus, the answers were properly admitted as the answers of Vlatos.

Of course, at trial a witness may contradict an answer he has previously given by deposition, interrogatory or otherwise, and may attempt to justify the contradiction. When this occurs there arises a credibility question for the trier of fact.

Regarding Vlatos' credibility, in the case at bar two other circumstances may be noted.

Rule TR. 26(E)(2), which applies to discovery in general, requires:

"A party who knows or later learns that his response is incorrect is under a duty reasonably to correct the response."

Although the answers here were filed some ten months prior to trial, no effort was made to correct the answer in question until the very moment Vlatos was on the stand, nor was any explanation offered.

In addition, there was no offer of any evidence from the Philadelphia attorney or the attorney who executed the answers on behalf of Vlatos regarding the genesis of the disputed answer.

Clearly, then, the question was one of credibility and we may not reweigh the trial court's determination.

Judgment affirmed.

Staton, P.J. and Hoffman, J., concur.

NOTE.—Reported at 333 N.E.2d 835.