WELCH ET AL. *v.* WELCH AIRCRAFT INDUSTRIES, INC., ET AL.

[No. 16,615. Filed October 14, 1940. Rehearing denied December 3, 1940. Transfer denied January 20, 1941.]

*Henry L. Humrichouser* and *Hammerschmidt & Johnson*, all of South Bend, for appellants.

*Murray & Mannon*, of Indianapolis, for appellees.

LAYMON, P. J.—Appellants, John W. Welch and Drina E. Welch, husband and daughter respectively, sought compensation as dependents of Lenna J. Welch on account of her death which occurred on June 12, 1939, by reason of an accident alleged to have arisen out of and in the course of her employment with appellee. The Full Industrial Board, upon review, found:

"That on June 11, 1939, while in the employ of the defendant, Welch Aircraft Industries, Inc., one Lenna J. Welch suffered an injury as the result of an accident arising out of and in the course of her employment, of which the defendant had knowl-

edge; that the average weekly wage of the said Lenna J. Welch was $25.00; that defendant did not furnish medical attention; that the accidental injury of the said Lenna J. Welch resulted in her death on June 12, 1939, that defendant has not paid the statutory $150 burial expense.

"And the Full Industrial Board by a majority of its members further finds that plaintiff John W. Welch, husband of the said Lenna J. Welch, was not physically and financially incapacitated at the time of the death of Lenna J. Welch, and was not a dependent wholly or partially upon the said Lenna J. Welch for support.

"And the Full Industrial Board further finds by a majority of its members that Drina E. Welch, daughter of Lenna J. Welch, and under the age of 18 years, was not wholly dependent upon the said Lenna J. Welch for support.

"And the Full Industrial Board further finds that on September 22, 1939, plaintiffs, John W. Welch and Drina E. Welch, filed their application for the adjustment of a claim for compensation, alleging that they were wholly dependent upon the said Lenna J. Welch for support.

"And the Full Industrial Board, by a majority of its members, now finds for the plaintiffs on their application, in that the accident and death of the said Lenna J. Welch arose out of and was in the course of her employment, and further finds for the defendants on plaintiffs' application, that the plaintiffs, John W. Welch and Drina E. Welch, were not wholly dependent upon the said Lenna J. Welch at the time of her death."

Upon this finding the board denied compensation to both claimants, and they appealed, assigning as error that the award is contrary to law. Appellants assert error of the board in finding that John W. Welch and Drina E. Welch, or either of them, were not wholly dependent upon the deceased at the time of her death.

The statute involved provides: (§ 40-1403, Burns' 1933.)

"The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee:

"(a)   A wife upon a husband with whom she is living at the time of his death, or upon whom the laws of the state impose the obligation of her support at such time.

"(b)   A husband, who is both physically and financially incapable of self-support, upon his wife with whom he is living at the time of her death.

"(c)   A child under the age of eighteen (18) years upon the parent with whom he or she is living at the time of the death of such parent.

"(d)   A child under eighteen (18) years upon the parent with whom he or she may not be living at the time of the death of such parent, but upon whom, at such time, the laws of the state impose the obligation to support such child.

"(e)   A child over the age of eighteen (18) years who is either physically or mentally incapacitated from earning his or her own support, upon a parent with whom he or she is living at the time of the death of such parent, or upon whom the laws of the state, at such time, impose the obligation of the support of such child.

"As used in this section, the term 'child' shall include stepchildren, legally adopted children, posthumous children and acknowledged illegitimate children, but shall not include married children; the term 'parent' shall include step-parents and parents by adoption.

"In all other cases, questions of total dependency shall be determined in accordance with the fact, as the fact may be at the time of the death, and [the] question of partial dependency shall be determined in like manner as of date of the injury. If there is more than one (1) person wholly dependent, the death benefit shall be divided equally among them; and persons partially dependent shall receive no part thereof."

In view of the statute it becomes necessary to determine first whether or not appellants, or either of them,

fall within any of the classes named in subdivisions a, b, c, d, or e. If appellants, or either of them, belong in any of the classes above enumerated, they are presumed by law to be wholly dependent, and the question of dependency becomes no longer a question of proof. *Wilson* v. *La Porte Gas & Electric Co.* (1939), 107 Ind. App. 21, 22 N. E. (2d) 882. It is incumbent upon the one seeking the benefit of the presumption to show by competent evidence that the conditions of the statute which give rise to the presumption existed at the time of the decedent's death.

In the instant case the undisputed facts show that appellant Drina Welch was the daughter of John and Lenna Welch, husband and wife; that she was 13 years of age and living with her father and mother at the time of her mother's death.

Appellee insists that the provision of the statute that a child under 18 years of age is conclusively presumed to be wholly dependent upon the parent with whom he or she is living does not apply to the mother when the father is living; that the law having imposed upon the father the duty to support the child, there can be no legal presumption that the child was dependent upon the mother; and that consequently the question of dependency remains one of fact.

It will be observed from an examination of Section 38 (Acts 1929, ch. 172, p. 536) in its entirety that our Legislature has provided a rule of law, by which both the employer and employee are bound, defining and prescribing under what conditions and circumstances a husband may be presumed to be wholly dependent upon his wife, a wife upon a husband, and a child upon his or her parent, the latter classification embracing stepchildren, legally adopted children, posthumous

children, acknowledged illegitimate children, stepparents, and parents by adoption.

The statute creates a presumption of dependency in favor of a husband upon his wife and thus clearly recognizes that dependency as a matter of law may exist on the part of a husband upon his wife when the duty to support the wife rests upon the husband.

The statute further provides that in all cases not otherwise classified the question of dependency may be established as a fact. Under this provision it must be conceded that the presumption arising from the legal duty of a father to support a child may be avoided by proof of actual dependency upon the mother even though the father is living.

The statute makes no distinction between male and female employees with respect to benefits accruing by virtue of the Act, and the deceased employee in subdivision (c) is designated as the parent, which term in its common and accepted meaning refers to the natural father or mother.

The presumption provided for by subdivision (c) is not affected by the difference in the obligations of the father and mother under the general law in regard to the support and maintenance of a child under 18 years of age. This subdivision creates a conclusive presumption of total dependency in favor of a child under 18 years of age upon the parent with whom he or she is living at the time of the death of such parent without regard to the existence of a legal obligation on the part of a surviving parent to support such child or without regard to the fact that the child is being supported either wholly or partially by another. Consequently the legal obligation to support is not

determinative of the question of dependency of persons included in subdivision (c).

The purpose of the Workmen's Compensation Act is to provide for the dependents of an employee who accidentally meets with injury or death in the employment, and to accomplish the beneficent purpose intended, the law should be given a broad rather than a narrow construction.

Where the question of dependency is one of fact it may be successfully contended that the legal obligation to support his wife and minor children rests upon the father, and, in the absence of evidence to the contrary, it must be presumed that this obligation has been discharged and performed.

Under the statute involved persons falling within one of the several enumerated classes are relieved of establishing their dependency by evidence, and the question as to their dependency is no longer one of fact.

The undisputed facts in the instant case bring appellant Drina Welch within the provision of subdivision (c) of the Act, wherein she is conclusively presumed to be wholly dependent upon her mother for support, and this presumption prevails in her favor even though the father may be living.

Appellant John Welch was not both physically and financially incapable of self-support, and therefore the question of his dependency was one of fact. We have reviewed the evidence bearing upon the question of his dependency but fail to find it to be of such a character as would warrant the substitution of the judgment of this court for that of the board.

The award is affirmed as to appellant **John Welch** and reversed as to appellant Drina Welch.

NOTE.—Reported in 29 N. E. (2d) 323.