GARRIGUS v. KERNS ET AL.

[No. 19,605. Filed November 30, 1961. Rehearing denied January 25, 1962. Transfer denied January 28, 1963.]

*Berry, Kincade & Allen,* of Terre Haute, for appellant.

*Rosenfeld, Wolfe & Miller* and *Howard T. Batman,* both of Terre Haute, for appellee.

GONAS, J.—This case was brought for a judicial review of an award, by the Industrial Board of Indiana, denying the claim of appellant for Workmen's Compensation benefits.

A brief statement of the history of this case will facilitate the understanding of the question presented.

On February 3, 1958, appellant went to the premises of appellee to "pick up" and deliver a load of coal to one of the appellees' customers. Appellant sustained certain physical injuries on appellees' premises as he prepared the coal for delivery. Sometime thereafter, the parties failed in an attempt to adjust the claim of appellant which grew out of the injuries sustained by appellant.

On June 2, 1958, appellant brought a civil action for damages in the Superior Court of Vigo County, Room #2, seeking a money recovery for the injuries sustained on appellees' premises on February 3, 1958.

On June 27, 1958, appellees appeared by their attorney, and filed a verified answer in abatement stating that appellant was an employee of appellees at the time of the injury complained of by appellant and that the injury of which appellant complains occurred by accident and arose out of and in the course of appellant's employment by appellees at said time and place; that the parties are covered by the provisions of the Workmen's Compensation Act of Indiana, and that appellant's claim for personal injury, if any, is in the exclusive jurisdiction of the Industrial Board of Indiana. A hearing was held on the issues raised by the answer in abatement. Thereafter, appellees filed a motion by different counsel, to stay the proceedings. Subsequently, appellees filed a petition to reopen the issues for the purpose of introducing additional evidence. Both motions were denied.

On December 2, 1958, the court rendered judgment for appellees on their plea in abatement. On December 3, 1958, appellant filed his application for the adjustment of his claim for Workmen's Compensation benefits before the Industrial Board of Indiana. Thereafter, appellees brought an appeal to this court

from the trial court's judgment in their favor on their verified answer in abatement. That appeal was dismissed in *Kerns et al.* v. *Garrigus* (1953), 130 Ind. App. 133, 162 N. E. 2d 313.

A certified record of the entire proceedings before the trial court was admitted into evidence before the Industrial Board. Other evidence was heard. The full Industrial Board entered findings that appellant was an independent contractor at the time he sustained the injuries of which he now complains, and that appellant was not an employee of appellees and that no relationship of master and servant existed at said time. The Board entered an award consistent with its findings.

Appellant's assignment of error is that the award of the Industrial Board is contrary to law. This assignment presents the question of the sufficiency of the evidence to sustain the finding of facts. *Mousley* v. *Curry et al.* (1954), 124 Ind. App. 280, 117 N. E. 2d 280; *Humphrey* v. *Pleasure Park Company, et al.* (1933), 97 Ind. App. 592, 187 N. E. 682.

Certified copies of the pleadings, and certain of the proceedings which were filed and held in the civil action before the Superior Court of Vigo County, Room #2, were placed in evidence before the Industrial Board.

Appellees' sworn answer in abatement which was filed in the civil action before the Superior Court of Vigo County, Room #2, omitting formal parts, reads as follows:

"Comes now the defendants, jointly and severally, by their attorney, Ernest J. Zwerner, and allege and say:
1. That this is a civil cause of action brought by plaintiff against the defendants for personal injuries.

2. That on the 3rd day of February, 1958, and at the time and place of the injury complained of by plaintiff, plaintiff was an employee of defendants and the injury complained of occurred by accident and arose out of and in the course of plaintiff's employment by the defendants at said time and place.

3. That neither plaintiff nor defendant has elected not to accept the provisions of the Workmen's Compensation Act of Indiana.

4. That at the said time and place of plaintiff's injury, he was not a casual laborer, farm or agriculture employee, nor a domestic servant.

5. That the claim for personal injury, if any, plaintiff has against defendants is within the exclusive jurisdiction of the Industrial Board of Inddiana.

WHEREFORE, defendants ask that this action abate for the reason this court does not have jurisdiction of the subject matter of this cause of action."

GAMBILL, COX, ZWERNER, GAMBILL
BY ERNEST J. ZWERNER,
Attorneys for Defendant

STATE OF INDIANA }
COUNTY OF VIGO } SS:

I, Ernest J. Zwerner, being duly sworn, upon his oath says that he is one of the attorneys for defendants in the above entitled cause and that the facts hereinabove stated are true as he verily believes.

ERNEST J. ZWERNER
ERNEST J. ZWERNER

Subscribed and sworn to before me, a Notary Public this 27th day of June, 1958.

Mabel Frederick
Notary Public

(SEAL)
My commission expires:
Nov. 18, 1961.

By the use of these, together with his own testimony, we think appellant made a prima facie case respecting master-servant relationship with appellees by showing that he was in the service of appellees under a contract for hire at the time he sustained his injuries. Contrary to their position taken before the court, appellees now urge that appellant was an independent contractor at such time.

We agree with appellees that ". . . All disputes arising under this act . . . shall be determined by the board . . ." Burns' Indiana Stat. Ann. §40-1509 (1952 Repl.) Therefore, the Industrial Board had the duty to determine the employment relation between the parties to the instant case.

The crux of appellant's argument is that appellees were estopped before the Industrial Board to deny that appellant was their employee at the time he sustained his injuries by virtue of the proceedings conducted before the Superior Court of Vigo County, Room #2.

We think that there is merit to appellant's argument. As stated in 100 C. J. S. 401 (e) p. 192;

> ". . . An employer who caused a common-law action against him for damages to be dismissed by pleading his compliance with the Compensation Act and that claimant was an employee and was injured in the course of his employment is estopped, in a subsequent compensation proceeding, to deny the admissions contained in such pleadings.

It is our judgment that appellees fall squarely within the above rule. Appellees admitted that appellant was their employee at the time appellant sustained his injuries, by their verified answer in abatement before the Superior Court of Vigo County, Room #2. Appellees are now estopped to deny that ap-

pellant was their employee at the time appellant received his injuries. Since appellees were estopped to deny that appellant was their employee, they were precluded from introducing evidence which might tend to show that the relationship of independent contractor existed. *Kramer* v. *Globe Brewing Co.* (1938), 175 Md. 461 2 A. 2d 634.

Appellees swore before the Superior Court of Vigo County, Room #2, that appellant was their employee at the time he sustained his injuries. Appellees induced said tribunal, by and through their verified answer in abatement, to find that appellant was an employee of appellees at the time appellant sustained his injuries. Inconsistent with the position that they took before the Superior Court, appellees now urge that appellant was an independent contractor at the time appellant sustained his injuries. Courts have been loathe to embrace the contentions of litigants who take inconsistent and conflicting stands before different tribunals. *Royal Ins. Co.* v. *Stewart* (1921), 190 Ind. 444, 457, 458, 129 N. E. 853.

Appellees now argue that appellant is not entitled to Workmen's Compensation benefits. For this court to sustain the position that appellees now take would not only leave appellant without a remedy, but it would operate to defeat the beneficent provisions of the Workmen's Compensation Act. Small, Workmen's Compensation Law of Indiana, §4.2 Proof of Relationship, p. 65; *Welch* v. *Welch Aircraft Industries* (1940), 108 Ind. App. 545, 29 N. E. 2d 323; *Lee* v. *Oliger* (1939), 107 Ind. App. 90, 21 N. E. 2d 65; *Guevara* v. *Inland Steel Co.* (1949), 120 Ind. App. 47, 88 N. E. 2d 398.

Decision reversed. Cause remanded for further proceedings consistent with this opinion.

Kelley, P. J., Bierly and Pfaff, JJ., concur.

NOTE.—Reported in 178 N. E. 2d 212.