**Jane DOE, Plaintiff–Appellant,**

v.

**ALLIED–SIGNAL, INC.,
Defendant–Appellee.**

**No. 90–2605.**

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 6, 1990.

Decided Feb. 26, 1991.

Rehearing and Rehearing En Banc
Denied April 1, 1991.

Timothy J. Abeska, Roemer & Mintz, Carmen M. Piasecki, Thomas H. Singer, Eugenia S. Schwartz, Nickle and Piasecki, South Bend, Ind., for plaintiff-appellant.

Thomas J. Piskorski, Lawrence C. DiNardo, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill. and Robert H. Michaud, Allied–Signal Inc., Law Dept., South Bend, Ind., for defendant-appellee.

Before BAUER, Chief Judge, and CUMMINGS, Circuit Judge, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

We must decide whether the plaintiff Jane Doe ("Doe") was the "employee" of

the defendant Allied–Signal ("Allied") under the Indiana Worker's Compensation Act, IND.CODE § 22–3–1–1 through 22–3–11–5 (the "Act"). If she was, then Allied is immune from liability in this negligence suit arising under our diversity jurisdiction, 28 U.S.C. § 1332. The District Court concluded Doe was Allied's employee and granted Allied summary judgment. From this judgment, Doe appeals. We affirm.

## FACTUAL BACKGROUND

Allied hired Doe to perform janitorial services in 1975. But in January 1987, Allied terminated its cleaning staff and contracted with Acme Service Corporation ("Acme") for the cleaning of Allied's building. As a condition to this contract, Acme was to hire any former Allied cleaning employee who wished to come to work for Acme. Additionally, when these former Allied employees were cleaning Allied's building, Acme was to pay them an hourly wage that exceeded the normal Acme wage and to provide them insurance benefits not available to other Acme employees. Allied was to reimburse Acme for the cost of these added wages and benefits. Finally, either Allied or Acme could terminate the cleaning contract upon thirty days notice. Doe became one of the former Allied employees who accepted employment with Acme.

Twice in February 1988, Doe was attacked by unknown assailants while she worked on Allied's premises. On February 17, Doe was assaulted in the Allied parking lot while she was taking trash to the dumpster. On February 25, Doe was raped while cleaning one of the Allied offices. She filed this suit, seeking damages for the latter attack and claiming that Allied was negligent in failing to provide various security measures. Allied moved for summary judgment, claiming that Doe was the employee of both Acme and Allied at the time of her attack for purposes of the Indiana Worker's Compensation Act. And so, Allied was immune from liability because Doe's exclusive remedy was through worker's compensation. *See* IND.CODE § 22–3–2–6. The District Court agreed with Allied and granted Allied summary judgment. We conclude that Allied exercised substantial control over Doe causing her to be the employee of both Allied and Acme and therefore affirm the decision of the District Court.[1]

## DISCUSSION

We review *de novo* the decision of a district court granting summary judgment. *See, e.g., La Preferida, Inc. v. Cerveceria Modelo, S.A.,* 914 F.2d 900, 905 (7th Cir. 1990). Summary judgment is only appropriate when the pleadings, depositions, affidavits, answers to interrogatories, and admissions reveal that no reasonable jury could find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986).

This Court has earlier addressed the issue of dual employment under Indiana law. In *Beach v. Owens–Corning Fiberglas Corp.,* 728 F.2d 407 (7th Cir.1984), *cert. den.,* 469 U.S. 825, 105 S.Ct. 104, 83 L.Ed.2d 48 (1984), we concluded that one can simultaneously be the employee of two employers for purposes of applying worker's compensation immunity. Indiana courts have applied a variety of tests to analyze the dual employment issue, but the ultimate question is whether "both employers possess a substantial, but not necessarily exclusive, right or power of control over the employee and the means, manner, and method of his performance." *Fox v. Contract Beverage Packers, Inc.,* 398 N.E.2d

---

1. Immunity from suit is enjoyed only in cases seeking recovery for "personal injury or death *by accident.*" IND.CODE § 22–3–2–6 (emphasis added). Doe has not argued and cannot argue that immunity is inapplicable because her injuries were intentionally inflicted. True, immunity will *not* apply when the *employer* intentionally injures an employee. *National Can Corp. v. Jovanovich,* 503 N.E.2d 1224, 1232 (Ind.App. 1987). But, an injury need not be caused by an accident for § 22–3–2–6 to apply. It is sufficient that the injury "unexpectedly resulted from some activity in the course and scope of employment." *Id.; see Evans v. Yankeetown Dock Corp.,* 491 N.E.2d 969, 974–75 (Ind.1986) (The Indiana Supreme Court held that the intentional killing of an employee by a fellow employee was sufficiently unexpected to be death by accident.)

709, 711 (Ind.App.1980) (applying a seven factor test designed to answer this question); *see also Wabash Smelting, Inc. v. Murphy*, 134 Ind.App. 198, 186 N.E.2d 586 (1962), *overruled on different grounds*, *McKinley v. Review Bd. of Indiana Employment Sec. Div.*, 152 Ind.App. 269, 283 N.E.2d 395 (1972); *Jackson Trucking Co. v. Interstate Motor Freight Sys.*, 122 Ind. App. 546, 104 N.E.2d 575 (1953).[2]

The undisputed facts show that Allied exercised substantial, albeit not exclusive, control over Doe. Doe had worked exclusively at Allied's plant since 1975. Doe Deposition at 31. When Allied negotiated its contract with Acme, Allied required that Doe be retained because Doe had done a good job and could be trusted. McClelland Deposition at 106. That contract established the wages and benefits to be paid Doe and obligated Allied to share the cost of those benefits with Acme. Although Acme possessed the right to use her services elsewhere, Doe was told by Allied that Acme could not transfer her. Doe Deposition at 58–59. Doe was assured by Allied that so long as they were satisfied with her work, she would retain her job regardless of whether Acme left the picture. *Id.* at 62. Acme supervised Doe's work approximately once per week while she saw her former Allied supervisors every day. *Id.* at 75–77. Doe frequently took work-related complaints to Allied rather than taking them to Acme. *Id.* at 71–72. Allied had recently reprimanded Doe for not adequately checking a substitute employee's work. *Id.* at 121. Allied would occasionally assign Doe additional tasks without going through Acme. Hoover Deposition at 144–46. Allied supervisors would sign Doe's timecard when she had forgotten to punch in and her Acme supervisor was not present. *Id.* at 174. Although Acme had the right unilaterally to fire Doe, Acme understood that to do so without Allied's permission would cause Allied to terminate the contract. Anderson Deposition at 43. Indeed, Doe was aware that Acme risked its contract should Acme fire her. *Id.* at 78–80. Although Acme furnished Doe with the cleaning equipment she was to use, Acme had purchased this equipment from Allied and it never left Allied's premises.

**2.** The janitorial services agreement between Acme and Allied declares that Doe was to be Acme's and not Allied's employee and expressly establishes that Acme was to have the *sole* control over the methods and means used. From this, Doe argues that Allied should be estopped to claim dual employment. But contracts do not alter the employer's worker's compensation obligations. IND.CODE § 22–3–2–15(a). And §§ 22–3–2–2(a) and 22–3–2–6 bind employees to accept benefits payable through worker's compensation as their exclusive remedy from their "employers." Indiana courts treat this exclusive remedy provision as a question of subject matter jurisdiction. Because litigants cannot confer subject matter jurisdiction upon an Indiana court through waiver or agreement, it follows that a defendant cannot waive its status as an "employer." *See Downham v. Wagner*, 408 N.E.2d 606, 610–13 (Ind.App.1980) (The court has the duty to address the employer immunity issue *sua sponte* even when the defendant has failed to raise it because the employer cannot waive its immunity.). Although we find it unsettling that Allied could vehemently deny that Doe was its employee before this lawsuit yet still retain its immunity, Indiana law constrains us to hold that Allied cannot be estopped to argue that Doe was an "employee." *See generally, Beach,* 728 F.2d at 409–10 (noting that a federal court's subject matter jurisdiction is a question of federal law, but a state jurisdictional bar denying a substantive remedy is a denial of a substantive right that the federal court is obligated to follow under *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)). *But see Garrigus v. Kerns,* 134 Ind.App. 240, 178 N.E.2d 212, 214 (1962) (An employer, after causing a common law action to be dismissed by arguing that the plaintiff's exclusive remedy is worker's compensation, is estopped in a subsequent action before the Worker's Compensation Board to deny employer status.); *Yuhasz v. Mohr,* 159 Ind.App. 478, 307 N.E.2d 516, 518–19 (1974) (same).

Doe has also argued that this contract shows that Allied did not have the right to exercise control over her. From this, she claims that it is the "right to control," not the "actual exercise of control" that creates employer status. *See Peru Daily Tribune v. Shuler,* 544 N.E.2d 560, 562 (Ind.App.1989). But the distinction between the right to control and the actual exercise of control was created so that one who possesses the right but rarely exercises it will still qualify as an employer. *See Gibbs v. Miller,* 152 Ind.App. 326, 283 N.E.2d 592, 595 (1972). This distinction would be useful if the question were whether Acme (who possessed the right but exercised it infrequently) was Doe's employer. But we do not feel the distinction is applicable when we deal with one who actually exercises substantial control arguably without possessing the right to do so.

Danielson Deposition at 28. Most tellingly, after the initial assault, Allied changed Doe's hours and imposed new rules for taking trash outside without first telling Acme. Hoover Deposition at 19, 57–59.

These facts establish that Allied exercised substantial control over Doe's work.[3] As a matter of law, Allied was Doe's employer, entitled to immunity from this lawsuit; therefore, summary judgment was correctly entered.[4] The judgment of the District Court is AFFIRMED.

---

**3.** Doe makes much of the fact that an express or implied contract is required to establish the employment relationship. *See* IND.CODE § 22–3–6–1(b); *Rensing v. Indiana State Univ. Bd. of Trustees,* 444 N.E.2d 1170, 1173 (Ind. 1983); *Fox,* 398 N.E.2d at 712. But in the dual employment context, we believe the ultimate question remains whether substantial control is exercised. *See Loehrlein v. Floyd Staub, Inc.,* 150 Ind.App. 598, 276 N.E.2d 865, 869–70 (1971) (rejecting a jury instruction premising employer status on the existence of a contract of hire in favor of one basing employment on the exercise of substantial control); *Jackson Trucking,* 104 N.E.2d 575 (noting that a contract of hire is required but answering this question by determining whether both employers exercised control over the employee and whether the employee was accountable to both). In any event, the *Fox* Court concluded an implied agreement existed between Fox and Contract Beverage because "[i]t was understood by both parties that Fox would be expected to work ... when needed ... at the plant of Contract. Both parties entered willingly into this agreement because Contract had the right to refuse Fox as an em-

ployee and Fox had the right to refuse to work at the Contract plant." *Fox,* 398 N.E.2d at 712. By the same token, both Allied and Doe understood Doe was to report to work every day. Allied had in the past refused undesirable Acme personnel. *See* Danielson Deposition at 58. Doe was free to terminate her services at any time. We conclude an implied contract between Doe and Allied existed under the authority of *Fox.*

**4.** Pursuant to an indemnification clause in the janitorial services agreement, Acme is arguably liable to Allied for the costs of defending this lawsuit. As such, Acme is a third-party defendant. The District Court dismissed Allied's claim against Acme for failure to state a claim upon which relief could be granted. Allied's appeal from that dismissal is currently before this Court. Docket No. 90–1194. Allied's appeal is controlled by *Indianapolis Power & Light Co. v. Brad Snodgras, Inc.,* 548 N.E.2d 1197 (Ind.App.1990). Petition to transfer *Snodgras* is currently pending before the Indiana Supreme Court.