947 F.2d 948
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Joseph M. ARBING, Plaintiff/Appellant,
v.
Kerry PARKER and Mike Caldwell, Correctional Officers,
Defendants/Appellees.
 No. 90-2463.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 2, 1991.*
Decided Oct. 24, 1991.
 
 Before POSNER, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Joseph Arbing filed the complaint in this case on May 19, 1989, alleging that correctional officers Parker and Caldwell had violated his civil rights, and seeking damages and an injunction. Both parties consented to the entry of final judgment by Magistrate Judge Cohn, who granted the defendants' motion for summary judgment. On appeal Arbing raises three issues. Because the plaintiff's arguments fail to raise any genuine issue of material fact such that judgment for the defendants would be improper as a matter of law, we AFFIRM.
 
 FACTS
 
 2
 On April 4, 1989, Arbing, then an inmate at the Shawnee Correctional Center, had nose surgery at a hospital in Paducah, Kentucky. The defendant correctional officers were assigned to bring Arbing back to Shawnee later that same day. According to the defendants the nurse who released Arbing warned them that vomiting was a common side effect of this type of nose surgery, and gave them a container and some towels for Arbing to use if necessary.
 
 
 3
 While leaving the hospital grounds, Arbing told the defendants he needed to vomit, and then did so in the back seat. Both parties agree that the vomit contained some blood, though they disagree as to how much. Though he did ask the defendants to open the car windows, Arbing does not claim he ever asked to be taken back to the hospital. After this incident the defendants drove back to Shawnee and took Arbing to the Health Care Unit, where an examination did not reveal any serious medical problems.
 
 
 4
 Mitran filed a prison grievance relating to this incident, which was denied. He then filed this civil rights suit under 42 U.S.C. § 1983, claiming the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when: (1) they had him removed from the hospital before he had fully recovered, (2) they did not return him to the hospital after he threw up, and (3) they endangered his life by driving back to Shawnee at an excessive speed.
 
 ANALYSIS
 A. Summary Judgment
 
 5
 It is well settled that review of a district court's summary judgment is de novo. See, e.g., Doe v. Allied-Signal, Inc., 925 F.2d 1007, 1008 (7th Cir.1991). Our duty is to determine whether the moving party is entitled to judgment as a matter of law, based on the lack of any genuine issue of material fact. Fed.R.Civ.P. 56(c). While the court will view the record and all inferences from it in the light most favorable to the nonmovant, Lohorn v. Michal, 913 F.2d 327, 331 (7th Cir.1990), the nonmovant still needs to produce specific evidence that a genuine issue of triable fact remains in order to defeat a well-grounded motion. Fed.R.Civ.P. 56(e).
 
 
 6
 Arbing contends that issues of fact remain as to whether the defendants' inaction amounted to cruel and unusual punishment. Specifically, he maintains that the Magistrate was too hasty in accepting the defendants' claims that the nurse who released Arbing told them that vomiting could be expected and gave them towels and a container for Arbing to use, as the defendants never obtained affidavits to prove it. Arbing further argues that a later surgery on his nose was the direct result of the defendant's inaction. Such claims, however, do not give rise to any genuine issue of material fact.
 
 
 7
 To succeed on an Eighth Amendment claim that the denial of medical care amounted to cruel and unusual punishment, a prisoner must show that prison officials acted with "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292 (1976). This court has interpreted the Estelle "deliberate indifference" standard as follows:
 
 
 8
 [T]he infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense. Gross negligence is not enough.... Punishment implies at a minimum actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it.
 
 
 9
 Duckworth v. Franzen, 780 F.2d 645, 652-53 (7th Cir.1985). This is a subjective test, focusing on the actual state of mind of the defendant official, not what a reasonable official "should have known." Id. at 653. Recent opinions by both the Supreme Court and this court have made it clear that punishment must be deliberate to create Eighth Amendment liability. See Wilson v. Seiter, --- U.S. ----, 111 S.Ct. 2321 (1991) (holding that Estelle's "deliberate indifference" standard applied to both isolated acts of officials and continuing conditions of confinement); McGill v. Duckworth, Nos. 90-1845 and 90-1945, slip op. at 8-9 (7th Cir. Sept. 17, 1991) (rejecting cases applying a "should have known" standard and explicitly adopting Franzen as the law of this circuit).
 
 
 10
 Even though we construe the evidence in the light most favorable to Arbing, nothing in the record indicates that the defendants possessed the requisite mental state. When Arbing became ill they stopped the car and helped him. When they returned to the prison they took Arbing to the medical care unit, where nurses found no serious medical problems. And, in light of the hospital nurse's instructions, the fact that they did not return Arbing to the hospital could hardly amount to negligence, let alone deliberate indifference to a serious medical condition.
 
 
 11
 This court recently decided a case very similar to that before us. In Salazar v. Chicago, No. 89-3351 (7th Cir. Aug. 7, 1991) police dealing with a drunken pretrial detainee failed to treat his internal injuries, leading to his death. In a suit by the deceased's administrator, we found that the officers had not been deliberately indifferent to the pretrial detainee's medical needs:
 
 
 12
 Salazar was drunk and the officers knew he was drunk. Salazar's behavior was consistent with drunkenness. Perhaps it was negligent to lock someone as inebriated as Salazar was in a jail cell, but absent any indication of other serious injury, it was not criminally reckless, especially considering that [the officers] put Salazar in a cell from which they could hear him if he requested help, and kept an eye on Salazar while he was locked up.
 
 
 13
 Id. slip op. at 15. Salazar is similar to the instant case, and the reasoning is still sound, as officials acting reasonably simply cannot be held liable for cruel and unusual punishment. Thus, the district court properly granted summary judgment on this issue.
 
 B. Representation by the Attorney General
 
 14
 Arbing filed three unsuccessful motions seeking to prevent the Attorney General from representing the defendants, and he revives the issue on appeal. The Illinois Attorney General is authorized to represent state employees in civil suits concerning acts performed in the scope of their employment. Ill.Rev.Stat. ch. 127, p 1302(a) (1989). The Attorney General decides whether his defense of a state employee involves a conflict of interest and whether the challenged act was within the scope of the employee's duties. Ill.Rev.Stat. ch. 127, p 1302(b) (1989). Arbing lacks standing to challenge the Attorney General's discretionary decision to represent the defendants in this case. As the Supreme Court stated in Allen v. Wright, 468 U.S. 737, 104 S.Ct. 3315 (1984), "When a plaintiff seeks to enjoin the activity of a government agency, even within a unitary court system, his case must contend with the well-established rule that the Government has traditionally been granted the widest latitude in the dispatch of its own internal affairs." Id. at 761, 104 S.Ct. 3329-30 (quoting Rizzo v. Goode, 423 U.S. 362, 378-79, 96 S.Ct. 598, 607-08 (1976)). Arbing's attempt to remove the Attorney General from this case is a challenge to an essentially discretionary decision. Allen held that separation of powers concepts counsel against finding standing where a plaintiff "seek[s] a restructuring of the apparatus established by the Executive Branch to fulfill its legal duties." 468 U.S. at 761, 104 S.Ct. at 3330. Thus, Allen lacks standing to challenge the Attorney General's representation of the defendant state employees.
 
 C. Request for Appointed Counsel
 
 15
 The court below twice denied plaintiff's requests for appointment of counsel, and on appeal he argues that these denials prejudiced his case, as he was unable to fully investigate the relevant facts. This court has established five factors to consider in reviewing such motions: (1) whether the plaintiff's claims are colorable, (2) the ability of the plaintiff to investigate crucial facts, (3) whether it appears that the truth will more likely be exposed with the aid of counsel, (4) the movant's ability to present the case, and (5) the complexity of the legal issues. Merritt v. Faulkner, 697 F.2d 761, 764 (7th Cir.), cert. den., 464 U.S. 986, 104 S.Ct. 434 (1983). To reverse a trial court's denial of counsel, this court must find an abuse of discretion. Id. at 762. Arbing had access to all of the necessary medical records, and was able to obtain copies of them. Furthermore, the legal issues here are not so complex as to require trained counsel, and the plaintiff has not been prejudiced by the lack of an attorney.
 
 CONCLUSION
 
 16
 Because the appellant's claims do not raise any genuine issue of material fact, the magistrate's grant of summary judgment is AFFIRMED.
 
 
 17
 RIPPLE, Circuit Judge, concurring.
 
 
 18
 I concur in the result.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs