953 F.2d 646
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Marshall JACKSON, Plaintiff-Appellant,
v.
Jack DUCKWORTH, Warden, Sergeant H. Abbott, Investigator, C.
Adkins, Assistant Warden, et al., Defendants-Appellees.
 No. 91-1355.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 2, 1991.*
Decided Jan. 27, 1992.
 
 Before POSNER, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Marshall Jackson is an inmate at the Indiana State Farm. He filed an action under 42 U.S.C. § 1983 against various officials of the Indiana State Prison. He alleged that the defendants-appellees violated his First, Sixth, Eighth, and Fourteenth Amendment rights by interfering with receipt of his personal mail, depriving him of due process and equal protection during Conduct Adjustment Board (C.A.B.) hearings, and subjecting him to deplorable confinement conditions. The district court dismissed his claims pursuant to the defendants' motion for summary judgment. Jackson now appeals the decision of the district court with respect to his First and Eighth Amendment claims, and the 1987 Conduct Adjustment Board hearing.[1] He also asserts that the district court improperly dismissed various discovery motions. For the following reasons, we affirm the judgment of the district court as to the discovery motions, First Amendment and due process claims. Jackson's Eighth Amendment claims are addressed in a published opinion issued in conjunction with this order.
 
 I. FACTS
 
 2
 Prior to his transfer to the Indiana State Farm, Jackson was an inmate housed in the I-Cell House Detention Unit (I.D.U.) at the Indiana State Prison. On July 21, 1987, Jackson was found guilty of involvement in an illegal money order scam after a C.A.B. hearing. As a result, he was punished with two years of disciplinary segregation. Jackson alleges that the C.A.B. decision was based on insufficient evidence, and thus the proceedings violated his rights to due process as guaranteed by the equal protection clause of the Fourteenth Amendment. In connection with the charges against him, prison officials confiscated two personal letters to Jackson sent from outside the prison. Jackson asserts that this action violated his First Amendment rights to free expression. Jackson also alleges that he was subject to inhumane living conditions throughout his stay in the I.D.U. Finally, Jackson complains that the district court abused its discretion on numerous occasions in denying many of his discovery motions.
 
 II. DISCOVERY
 
 3
 In reviewing a district court's decision on discovery matters, the standard to be applied is abuse of discretion. Olive Can Co., Inc. v. Martin, 906 F.2d 1147, 1152 (1990). The appellant must show that the record fails to support the findings of the court, or that the judge based his decision on an erroneous conclusion of law. See Deitchman v. E.R. Squibb & Sons, Inc., 740 F.2d 556, 563-64 (7th Cir.1984). We will not reverse a trial judge's decision for abuse of discretion unless we "have a strong conviction that he exceeded the permissible bounds of judgment." American Hosp. Supply v. Hospital Products Ltd., 780 F.2d 589, 595 (7th Cir.1985).
 
 
 4
 On the record, we see nothing to indicate that the district court abused its discretion. In his brief, Jackson implies that the defendants have been less than honest in their replies to his discovery requests, yet he offers no facts in support of his insinuations. Jackson's mere suspicions will not support a finding that the trial court abused its discretion. See Brown v. National Bd. of Medical Examiners, 800 F.2d 168, 172 (7th Cir.1986).
 
 III. SUMMARY JUDGMENT
 A. Standard of Review
 
 5
 We review de novo a summary judgment determination by a district court. Doe v. Allied-Signal, Inc., 925 F.2d 1007, 1008 (7th Cir.1991). We must determine whether there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). A summary judgment motion should not be used as an opportunity to weigh evidence or assess credibility. The inquiry should focus instead on whether there is a genuine issue of triable fact. Lohorn v. Michal, 913 F.2d 327, 331 (7th Cir.1990). The record and all inferences drawn from it must be viewed in the light most favorable to the nonmoving party. Jackson v. Elrod, 881 F.2d 441, 443 (7th Cir.1989). The nonmoving party, however, may not rest on its pleadings. The opposing party must show by specific evidence that there remains a genuine issue of fact for trial which is outcome determinative under the relevant law. Hossman v. Spradlin, 812 F.2d 1019, 1021 (7th Cir.1987).
 
 B. Due Process
 
 6
 Jackson asserts that he was not afforded adequate due process at the 1987 C.A.B. hearing. In reviewing the actions of prison officials, we are mindful of the unique problems in operating correctional facilities, and that wide-ranging deference must be accorded to officials in the adoption and execution of policies and practices they believe necessary to preserve internal order. Mendoza v. Miller, 779 F.2d 1287, 1292 (7th Cir.1985), cert. denied, 476 U.S. 1142 (1986), citing Bell v. Wolfish, 441 U.S. 520, 547, 99 S.Ct. 1861, 1878 (1979). The Supreme Court has outlined the due process requirements for prison disciplinary proceedings. An inmate is entitled to advance written notice of the charges against him, a limited opportunity to call witnesses and present documentary evidence in his favor, and a written statement by the fact-finder designating the evidence relied on and the reasons for any adverse decision. Wolff v. McDonnell, 418 U.S. 539, 563-67, 94 S.Ct. 2963, 2978-80 (1974). The findings of the disciplinary committee must be supported by some evidence in the record. Superintendent, Mass. Corr. Institution v. Hill, 472 U.S. 445, 454, 105 S.Ct. 2768, 2773 (1985).
 
 
 7
 The 1987 C.A.B. hearing was conducted in compliance with these constitutional standards. In a sworn affidavit, Karl Swihart states that he delivered notice of the disciplinary hearing and an investigation report to Jackson who refused to sign any acknowledgment of receipt. (R. 70-Swihart Aff.). C.A.B. documentation reflects that Jackson requested neither the opportunity to call witnesses nor the services of a lay advocate. C.A.B. gave a summary of the evidence relied on in its decision, and gave a legitimate reason for the sanctions imposed. (R. 70-Disciplinary Hrg. Rept.). In his own affidavit, Jackson implicitly admits that he received this information: "plaintiff refused to sign C.A.B. documents because he did not violate any rule fraction." (R. 78-4 p 23).
 
 
 8
 Although the evidence against Jackson may be less than overwhelming, C.A.B.'s decision is supported by some evidence in the record. For example, the two letters confiscated in connection with the charges against Jackson may indeed be read to implicate Jackson in an altered money order scheme. Some evidence is all the Fourteenth Amendment requires. Summary judgment was proper as to Jackson's due process claim.
 
 C. Mail Interference
 
 9
 Jackson asserts that the refusal by prison officials to deliver two letters addressed to him from outside the prison constitutes a violation of his First Amendment rights. Despite the possible First Amendment implications, however, the confiscation of prisoner mail is constitutionally permissible "if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261 (1987). See also Thornburgh v. Abbott, 490 U.S. 401, 109 S.Ct. 1074 (1989) (upholding prison mail censorship regulations). The reason offered by the defendants to justify confiscation of the two letters is that the letters were sent in furtherance of an illegal money order scam. Prohibiting crime is certainly a legitimate penological interest. See Procunier v Martinez, 416 U.S. 396, 413, 94 S.Ct. 1800, 1811 (1974) ("Perhaps the most obvious example of justifiable censorship of prisoner mail would be refusal to send or deliver letters ... concerning proposed criminal activity, whether within or without the prison."). The district court acted correctly in granting summary judgment to the defendants on this claim.
 
 CONCLUSION
 
 10
 For the foregoing reasons, we affirm the district court's judgment with respect to the issues addressed in this order. As explained in our opinion, we reverse the order of summary judgment on the Eighth Amendment claims and remand for further proceedings.
 
 
 11
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Jackson accepts the district court's determination that his claims in regard to 1985 and 1986 C.A.B. hearings are barred by the applicable Indiana statute of limitations. He also does not take issue with the district court's dismissal of claims against the defendants in their official capacities