**Patrick J. GORMAN, Plaintiff–
Appellant,**

v.

**William R. TESSMER and Sonia
Sonju, Defendants–Appellees.**

No. 91–1696.

United States Court of Appeals,
Seventh Circuit.

Argued June 9, 1992.

Decided July 16, 1992.

Terry E. Mitchell, Mitchell, Baxter &
Zieger, Milwaukee, Wis., James P. Russ,
Newport Beach, Cal., for plaintiff-appellant.

Dennis M. Grzezinski (argued), Milwaukee, Wis., for defendants-appellees.

Before FLAUM and RIPPLE, Circuit
Judges, and FAIRCHILD, Senior Circuit
Judge.

FLAUM, *Circuit Judge.*

Patrick Gorman brought this diversity
action against William Tessmer and Sonia
Sonju for breach of contract and conversion. The district court dismissed Sonju
pursuant to Fed.R.Civ.P. 4(j), granted Tessmer's subsequent motion for summary
judgment, and, on the basis of anticipatory
breach by Gorman, rescinded the contract.
We affirm.

On April 27, 1989, Gorman and Tessmer
entered into a contract which provided that
Gorman would sell to Tessmer his stock in
AFCOM, Inc., a California corporation, together with Gorman's right to payments
under his employment contract with AF-COM, for $330,000. Tessmer agreed to pay
$30,000 to Gorman at the time the contract
was executed, with the balance to be paid
in two $150,000 installments, on August 31,
1989, and on April 30, 1990. The payment
plan was conditioned on Tessmer's providing a $150,000 security interest at the time
of the first installment. To arrange the
security interest, Tessmer executed a security agreement in which he agreed to provide to Gorman a $150,000 interest in a
United States Treasury Bill he owned
which had a face value of $400,000.

According to the affidavits submitted in
support of Tessmer's summary judgment
motion, Tessmer paid the $30,000 down
payment upon execution of the contract,
but Gorman's attorney then demanded that
Tessmer provide $400,000 as security rather than the agreed-upon $150,000. This
demand for excess collateral occurred before Tessmer was due to pay the August
31 installment on the contract. Gorman
also failed to transfer his stock certificates
to Tessmer (which, Tessmer claims, deprived him of any benefit of the bargain).
In response to Tessmer's motion and supporting affidavits, Gorman relied upon the
affidavit of the attorney who represented
him during his negotiations with Tessmer.
As the district court correctly observed,
that affidavit fails to directly address Tessmer's contentions, and is silent regarding
whether Gorman demanded an increase in
the amount of collateral.

The district court held that Tessmer was
entitled to summary judgment. Further,
observing that "[a] repudiation of the
terms of a contract, and a demand for
performance substantially different from
that provided for in such contract, constitutes an anticipatory breach which entitles
the other contracting party to rescind," Decision and Order, slip op. at 3 (Jan. 14,
1991) (citing *Morn v. Schalk*, 14 Wis.2d
307, 111 N.W.2d 80 (Wis.1961)), the court,
applying Wisconsin law, held that rescission of the purchase agreement was
appropriate. We review *de novo* the district court's grant of summary judgment to
Tessmer, *Doe v. Allied–Signal, Inc.*, 925
F.2d 1007, 1008 (7th Cir.1991), as well as its
interpretation of Wisconsin law. *Salve Regina College v. Russell,* — U.S. —, 111
S.Ct. 1217, 113 L.Ed.2d 190 (1991).

On appeal, Gorman attempts to argue
that *genuine issues of material fact exist,*
but provides no tangible support for this
contention. His brief is replete with specious arguments, such as the claim that

one of Tessmer's affidavits should have been discounted because it contained statements by Tessmer's niece—a "blood relationship" to Tessmer—that "certainly raises the inference of possible impartiality." *See* Appellant's Br. at 19. He endeavors to buttress his argument by including references to materials outside the record before the district court, and by including in his appendix a copy of an affidavit dated September 13, 1991, eight months after the district court granted Tessmer's motion. Yet, while including this extraneous material, Gorman neglected to include in his appendix a copy of the district court's order, as required by Circuit Rule 30(b)(1). Moreover, Gorman's counsel failed to show up for oral argument in this appeal, wasting the time of both the Court and counsel for Tessmer. The district court's grant of summary judgment was entirely appropriate.

Rule 38 sanctions have been requested and we are inclined to grant that request, in the form of costs and attorney's fees. From what we can glean from Gorman's redacted opening brief and reply brief, his arguments are without merit, making this appeal an appropriate case for sanctions. *See Tomczyk v. Blue Cross & Blue Shield,* 951 F.2d 771, 778–80 (7th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 2274, 119 L.Ed.2d 201 (1992); *Mays v. Chicago Sun–Times,* 865 F.2d 134, 183 (7th Cir.1989). Under revised Circuit Rule 38, effective February 1, 1992, before imposing sanctions we must provide reasonable notice that we are contemplating sanctions and an opportunity to respond. Counsel for Gorman shall submit its response to the clerk of this Court within fifteen days of the date of this opinion. Counsel for Tessmer shall submit to the clerk of this Court, also within fifteen days, an accounting of attorney's fees and costs incurred in this appeal.

AFFIRMED.