996 F.2d 1219
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Linda L. SHUTE, Plaintiff-Appellant,
v.
VIGO COUNTY SCHOOL CORPORATION, Defendant-Appellee.
 No. 92-2759.
 United States Court of Appeals, Seventh Circuit.
 Argued March 29, 1993.
Decided June 25, 1993.
 
 1
 Before FLAUM and KANNE, Circuit Judges, and REAVLEY, Senior Circuit Judge*.
 
 ORDER
 
 2
 Schoolteacher Linda Shute, who was born in 1946, moved to Terre Haute, Indiana in 1985. That July, Shute applied to the Vigo County School Corporation ("Vigo County") for an elementary school teaching position. Vigo County officials rated Shute a "prospect," which is the highest ranking an applicant for a teaching position can obtain, but she did not interview for any positions at that time. After further improvement in her qualifications, she requested and received a second application and screening in July, 1986. Shute was again rated a prospect. During that fall Shute made herself available to Vigo County for substitute teaching assignments, and she taught a total of fourteen days over the fall semester.
 
 
 3
 In January of 1987, Shute accepted a "long-term temporary" position to teach kindergarten at the Indiana State University School in Terre Haute and withdrew her name from Vigo County's pool of available substitute teachers. This withdrawal did not in any way change Shute's interest in permanent employment with Vigo County. In fact, Shute was quite diligent in keeping her application up to date and in maintaining contact with school officials about potential openings for a full-time post. In April, 1989, while still teaching at the University School (She continued to work at the University School through a series of short-term contracts until May, 1991.), Shute sought and received a third screening interview with Vigo County and again was rated a prospect.
 
 
 4
 Shute eventually obtained interviews for two different jobs with Vigo County in August, 1989, but did not receive a job offer for either position. Both posts were filled by applicants who were under the age of forty and who had recently done student and substitute teaching for Vigo County schools. On December 12, 1989, Shute filed a charge of age discrimination with the Equal Employment Opportunity Commission. The EEOC ruled on July 31, 1990, that the evidence was insufficient to establish a violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq. After Shute brought suit in the district court, Vigo County moved successfully for summary judgment.
 
 I.
 
 5
 We review de novo the decision of the district court to grant summary judgment. Karazanos v. Navistar Int'l Transp. Corp., 948 F.2d 332, 335 (7th Cir.1991); Doe v. Allied-Signal, Inc., 925 F.2d 1007, 1008 (7th Cir.1991). We can affirm the district court's ruling on any basis supported in the record. Dairyland Financial Corp. v. Federal Intermediate Credit Bank, 852 F.2d 242, 244 (7th Cir.1988). In examining the record, we draw all reasonable inferences from it in the light most favorable to the non-moving party. Lohorn v. Michal, 913 F.2d 327, 331 (7th Cir.1990). The non-moving party must identify specific facts to establish that there is a genuine triable issue. Unless we find evidence sufficient to sustain a jury verdict in favor of the non-moving party, we will affirm the grant of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).
 
 
 6
 To succeed on an ADEA claim, Shute must prove that she would not have been discharged "but for" her employer's motive. La Montagne v. American Convenience Prods. Inc., 750 F.2d 1405, 1409 (7th Cir.1984). Under the indirect method of proof on which Shute is relying, an employee must first establish a prima facie case of discrimination. By articulating lawful reasons for the hiring decision, the employer can rebut the presumption of discrimination. The employee can overcome the employer's rebuttal by showing with either direct or circumstantial evidence that the articulated reasons are pretextual. Weihaupt v. American Medical Ass'n, 874 F.2d 419, 427 (7th Cir.1989). An employee may show that the employer's reasons for not hiring the employee are unworthy of credence through evidence showing that the proffered reasons lacked a basis in fact, did not actually motivate the employee's decision, or were insufficient to motivate the decision. Mechnig v. Sears, Roebuck & Co., 864 F.2d 1359, 1365 (7th Cir.1988).
 
 
 7
 Vigo County does not challenge whether Shute has established a prima facie case. By way of rebuttal, Vigo County has asserted that it has a policy of hiring teachers who have done significant student and substitute teaching in Vigo County schools. This policy allows school administrators the opportunity to observe applicants in person and evaluate their skills.
 
 
 8
 Because her experience suggests that principals do not personally observe applicants, Shute believes the explanation offered by Vigo County is pretextual. Of the two principals she met during her interviews, neither appears to follow this policy. One principal hired a beginning teacher with no previous teaching experience. The second stated that he does not actually observe substitutes or student teachers. Shute makes much of the fact that the practice of individual principals diverges from Vigo County policy. This is a distinction without a difference as far as her case is concerned. Whether the principals themselves observe the teaching candidates is not contrary to the enunciated policy. Other school administrators may have the responsibility of evaluating applicants. More importantly, whether the practice of individual school principals corresponds with this particular policy does not provide any evidence that age discrimination motivated these hiring decisions. Nothing in this conduct suggests that Vigo County was doing anything other than exercising its business judgment, which we do not second guess absent bad faith. See Aungst v. Westinghouse Elec. Corp., 937 F.2d 1216, 1220 (7th Cir.1991).
 
 
 9
 In fact, Shute's principal argument is somewhat more complex than a simple facial challenge. According to her, Vigo County's preference for hiring substitutes and student teachers has a disparate impact on teachers in the protected class. Under the collective bargaining agreement in Vigo County, teachers with more experience are entitled to higher salaries. Moreover, they tend to fall in the protected class. She believes that budgetary constraints lead to a preference for applicants with less experience because they also cost less. Because applicants with less experience--for Shute's purposes, those with less than five years of experience--tend to fall outside the protected class, Vigo County's practice has a disparate impact on teachers in the protected class.
 
 
 10
 This circuit has not yet decided whether disparate impact should apply to age discrimination cases. See, e.g., Davidson v. Board of Governors, 920 F.2d 441, 444 (7th Cir.1990) (gathering cases). And we need not resolve the issue here since the outcome would be the same either way. Thus, we simply assume here that this approach is permissible in ADEA cases. Accordingly, if disparate impact is a permissible theory in age discrimination cases, then a facially legitimate practice, such as Vigo County's hiring policy, could be found to be discriminatory in light of its effect.
 
 
 11
 Showing individual discrepancies, such as the hiring of someone not within the protected class for a position to which Shute applied, would not be sufficient. That alone would likely fail as a facial challenge as well. Instead, Shute has attempted, despite the small size of the sample pool in any given year, to demonstrate a hiring pattern that would reflect a disparate impact. As a preliminary matter, Shute has not established that salary is the exclusive or even a relevant hiring criterion for Vigo County. Nor has she established that substitutes do not fall within the protected class. Furthermore, not every teacher hired by Vigo County at a level equivalent to that for which Shute would have qualified would have been within the protected class. But leaving these aside, we find her approach to have a more fundamental flaw. Shute has compared the percentage of current Vigo County teachers with more than five years experience to the percentage of new hirees with that level of experience. Unfortunately, she is mixing apples with oranges. The relevant comparison here is the proportion of members of the protected class in the applicant pool to the proportion of new hirees in the protected class.[1]
 
 
 12
 Because Shute's disconnected statistical data alone is insufficient to demonstrate disparate impact and therefore to establish pretext on the part of Vigo County, the decision of the district court is
 
 
 13
 AFFIRMED.
 
 
 
 *
 Honorable Thomas M. Reavley, Senior Circuit Judge for the United States Court of Appeals, Fifth Circuit, sitting by designation
 
 
 [1]
 In a motion to reconsider below, Shute employed the proper comparison. Between 1987 and 1989, 16 percent of Vigo County hirees were from the protected class out of an applicant pool with 26 percent over the age of forty. According to Shute, 16 percent is significantly lower than 26 percent. However, this disparity is not significant or even reliable. In real terms, Vigo County held 184 applications during this period, with 44 of those submitted from candidates in the protected class. Of 18 hirees, 3 were within the protected class. If Vigo County had hired one more in the protected class, the relevant proportion would have been 22 percent; and two more such hirees would have pushed that proportion to 28 percent. These significant fluctuations further undermine the reliability of the limited data before us