91 F.3d 147
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Beverly WHITE, Plaintiff-Appellant,
v.
ST. FRANCIS HOSPITAL & HEALTH CENTER, Defendant-Appellee.
 No. 95-3735.
 United States Court of Appeals, Seventh Circuit.
 Argued April 19, 1996.
Decided July 2, 1996.
 
 Before FLAUM, EASTERBROOK, and MANION, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Beverly White, who is black, claims under Title VII, 42 U.S.C. § 2000 et seq., that St. Francis Hospital wrongfully terminated her from her job transcribing medical notes because of her race. The district court properly granted summary judgment to the hospital on White's claim. White failed to show, as required by the law, that a genuine issue of material fact exists as to her qualification for her position (she did not even dispute that she did not meet the standards of the position) and the legitimacy of the hospital's reasons for her termination. Therefore, for the reasons set forth in the opinion of the district court, the judgment of the district court will be affirmed.
 
 
 2
 White's counsel failed to appear at the oral argument of this case. Originally, the court scheduled argument for April 19, 1996 at 2:00 p.m. On April 2, 1996 an amended notice of oral argument was sent to all counsel moving up the time for argument on April 19 to 10:30 a.m.. The clerk's office has advised us that it placed a telephone call to White's counsel on April 18th and twice more on the morning of April 19th. This routine procedure reminds counsel of a change in time for oral argument. On each occasion counsel's answering machine fielded the calls and the clerk's office left messages advising White's counsel of the time of argument. White's counsel showed up with her client on April 19 at 1:30 p.m.
 
 
 3
 An order to show cause was issued as to why the court should not take appropriate disciplinary action against White's counsel for her untimely appearance. She responded by asserting that she had long planned to appear April 19th at 2:00 p.m., not 10:30 a.m., as evidenced by a court appearance she had scheduled for the morning of April 19th. As for her failure to receive the messages from the clerk's office, she points to an arbitration and other court appearances which kept her out of the office on April 18th and the morning of April 19th. She gives no good reason for her failure to retrieve her messages. She states she is a sole practitioner with nobody in her office to retrieve or receive messages in her absence. But the stationery on which she submitted to the court her letter attempting to explain her nonappearance lists a second attorney as a partner or associate. At oral argument the hospital's counsel alerted us that White's counsel had failed to timely appear on at least one other occasion.
 
 
 4
 Circuit Rule 38 sanctions may be proper in these circumstances. See Gorman v. Tessmer, 973 F.2d 520, 521 (7th Cir.1992) (court inclined to sanction for meritless appeal and failure to appear at oral argument wasting time of court and opposing counsel). But White's counsel appeared in court the day of oral argument, albeit late. Accordingly, we judge her failure to review court notices and to retrieve messages to be negligent rather than intentional. Negligent failure of this counsel to timely appear at any future argument scheduled before this court will result in sanctions.
 
 
 5
 For the reasons stated in the opinion of the district court, we AFFIRM its grant of summary judgment.